Duncan v. Duncan.

record be taken as appellees claim it should be, our conclusion upon the evidence would not be different.

REVERSED.

## DUNCAN v. DUNCAN.

1. **Action in Partition**: ATTORNEY'S FEES AS COSTS: WHEN NOT ALLOWED. Whether in any case the plaintiff in partition can have his attorney's fees taxed as a part of the costs, is not in this case decided; but this cannot be done in a partition suit wherein there is a contest, as contemplated by sections 3282, 3297 of the Code; and the facts of this case (see opinion) show that it involved such a contest in fact, if not upon the face of the pleadings.

*Appeal from Lousia Circuit Court.*

TUESDAY, APRIL 8.

ACTION for partition of certain land. After the shares were settled, the parties agreed upon a division of the land, and that the action should be dismissed. Before dismissal, however, the plaintiff filed a motion to tax his attorney's fees as a part of the costs, which motion was overruled. The plaintiff excepted, and from the order overruling the motion he appeals.

*Caldwell & Forbes*, for appellant.

*Sprague & Springer*, for appellee.

ADAMS, J.—Section 3297 of the Code provides as follows: "All the costs of the proceedings in partition shall be paid in the first instance by the plaintiffs, but eventually by all the parties, in proportion to their interests, except those costs which are created by contests as above provided."

Whether attorney's fees can be taxed as costs in any partition suit we need not determine. They certainly cannot in a

Duncan v. Duncan.

suit in which there is a contest within the meaning of the section above quoted. The plaintiff denies that there was such contest.

The plaintiff claimed in his petition that he was the owner of one-tenth of the land. The defendant filed an answer pleading, in substance, that the plaintiff had received $400 as an advancement, and asked that partition be made with reference to such fact. To the answer the plaintiff filed a reply, denying the allegations of the answer, so far as they were in conflict with the plaintiff's right to recover as shown in the petition

While the pleadings cannot be regarded as models, it is evident that the parties regarded them as presenting an issue to be tried, and we infer that an issue supposed to be presented by them was tried. The court found that the plaintiff had received $400 as an advancement, and charged him that amount in settling his share of the property.

To determine whether this contest was such as is referred to in the section above quoted, we must refer to section 3282. That provides that the defendants may deny the interests of any of the plaintiffs. Now, while we cannot say that the defendant in the case at bar expressly denied the interest of plaintiff to be what he averred it to be, yet it seems to us that he did so, at least inferentially, and that his answer was so treated by both the plaintiff and the court. In determining whether there was a contest respecting the extent of the plaintiff's share, we should not be justified in taking a very critical view of the pleadings. The question is rather as to whether there was practically such contest. If the parties actually engaged in such contest, as we think they did, that, we think, was sufficient to control the question of costs. We see no error in the ruling of the circuit court.

AFFIRMED.