SARAH EVERETT AND THOMAS EVERETT v. JACOB CROS-
KREY AND WIFE, Appellants.

| | |
|---|---|
| 92 | 333 |
| s101 | 17 |
| 92 | 333 |
| 114 | 712 |

**Will: Construction.** A wife devises a life estate in lands to her hus-
band, remainder in C., and if C. died before the husband, fee to the
latter. The husband, though notified of the provisions of the will,
filed no acceptance under Code, 2452. *Held,* the husband is enti-
tled to nothing but one third of the wife's land, in fee, and the other
two thirds became vested in C., in fee, as soon as the husband waived
the provision of the will.

KINNE, J., took no part.

*Appeal from Tama District Court.*—HON JOHN R. CALD-
WELL, Judge.

TUESDAY, OCTOBER 23, 1894.

THIS is an action for the partition of certain real
estate. There was a decree for the plaintiffs. Defend-
ants appeal.—*Affirmed.*

*W. H. Stivers* and *W. B. Louthan* for appellants.

*Struble & Stiger* for appellees.

ROTHROCK, J.—I. The land involved in the suit
is a tract of about sixty acres. It was formerly owned

by Thomas Everett, who, by his last will and testament, devised it to his two daughters, Lavina Halstead and Caroline Croskrey, in equal shares. The plaintiff Sarah Everett purchased and now owns the undivided one half of said land which formerly belonged to Lavina Halstead. Caroline Croskrey continued to own the other undivided one half until her death, which occurred in May, 1884. She had no issue, and the defendant, Jacob Croskrey, is her surviving husband. A short time before her death, Caroline Croskrey made her last will and testament, of which the following is a copy:

"Know all men by these presents that I, Caroline Croskrey, of Columbia township, Tama county, Iowa, now being in sound mind and in full possession of my mental faculties, do make, declare, and publish this, my last will and testament. First, I give and bequeath to my husband, Jacob Croskrey, all the lands I now possess, and my interest in the same; and I bequeath to my said husband, Jacob Croskrey, all my right, title, and interest in and to all the real estate situated in the northwest quarter of section number four in Columbia township, Tama county, Iowa, inherited by me from my father, Thomas Everett, to have and hold the same during his natural life, and after his death it is my desire that said lands shall descend to Silas H. Colvin, to hold forever; and should the said Silas H. Colvin die before my said husband, Jacob Croskrey, then and in that event, the said Jacob Croskrey is to hold said real estate in fee simple and forever, so far as my interest in the same is concerned. Dated April 24, 1884.

"Witness my hand hereunto set.

"CAROLINE CROSKREY."

The said will was on the twenty-fourth day of November, 1885, duly admitted to probate. Before and after the probate of the will, written notices of its provisions were duly served on the defendant, Jacob Croskrey.

Thomas Everett, the original owner of the land, left a widow surviving him, to whom he devised a life estate in the land. The widow died December 23, 1891, and at her death the devisees of the fee, and their grantees and representatives, became entitled to the possession of the property.

When Jacob Croskrey was served with notice of the provisions of the will, he took no action in the way of consenting thereto, and has at no time since, in any manner, made any election to accept its provisions. It is provided by section 2452 of the Code that "the widow's share can not be affected by any will of her husband unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the district court." And this section of the statute applies equally to the husband's right under the will of the wife and to the widow's right under the will of her husband. *Shields v. Keys*, 24 Iowa, 298. It is conceded that Caroline Croskrey was the owner of an undivided one half of the land. If she had died intestate, Jacob Croskrey, her husband, would have been entitled to one third in fee of her share as dower, which would be one sixth of the whole, and in addition thereto a fractional interest as heir. *Linton v. Crosby*, 54 Iowa, 478, 6 N. W. Rep. 726.

It is claimed in behalf of Jacob Croskrey that under the will of his deceased wife he is the owner in fee of all the interest which his wife had in the land. The contention is based upon the peculiar phraseology of the devise. We need not repeat the language of the will here. We think, by a fair consideration of all its provisions, it creates a life estate only in Croskrey. See *Stivers v. Gardner*, 88 Iowa, 307, 55 N. W. Rep. 516.

There is no claim that Croskrey is entitled to the provision made for him in the will, and also a distributive share as surviving husband under the law. When the notices of the provisions of the will were served upon him, if it was his purpose to take under the will, he should have made known his consent thereto within the six months, as provided by the section of the Code above cited. Not having done so, he is presumed to have elected to take his distributive share under the law. This, as we have seen, invested him with one third absolutely, as surviving husband. By his failure to consent to the will, he is entitled to one third, as surviving husband, and it must be held that the other two thirds of the testator's interest passed to Colvin under the will. It is to be conceded that the will provides that the land shall descend to Colvin after the death of Croskrey. But the failure of the latter to consent to the will and take his life estate can not be allowed to defeat the intention of the testator that her interest shall pass to Colvin in fee. "When the estate in remainder is dependent upon the life estate of the testator's widow, who waives the provisions of the will and takes her share under the statute, it was held that the estate in remainder vested immediately upon the determination of the estate or interest of the widow." 2 Redf. Wills [3 Ed.], 258, and cases there cited.

It appears that the plaintiffs have, by judgments, executions, and sheriff's sales, acquired whatever interest Colvin had in the land, and we think the district court correctly held that Croskrey is in no position to make a valid claim to any interest in the land in excess of his distributive share, which is one third of one half, or one sixth, of the whole. The decree of the district court is AFFIRMED.

KINNE, J., took no part in the decision of this case.