SARAH  EVERETT  AND  THOMAS  EVERETT  v.  JACOB
CROSKREY, Appellant.

**Attorneys' Fees as Costs:** PARTITION.   Where the issue tried was
whether the defendant owned one-sixth or one-half of the
land in controversy, and the land was divided by the parties them-
selves, after a decree giving them one-sixth, plaintiff's attorneys
were not entitled to have their fees taxed as costs, as is author-
ized in an action for partition.

KINNE, C. J., took no part.

*Appeal from Tama District Court.*—HON. GEORGE W.
BURNHAM, Judge.

THURSDAY, JANUARY 28, 1897.

AFTER decree in an action for partition was affirmed
by the supreme court, and the parties themselves had
divided the land, on motion of plaintiffs, the district
court allowed plaintiff's attorney fees for services
rendered in both courts, apportioning them among
plaintiffs and defendant according to their respective
interests, and required defendant to pay one-sixth
thereof.   From this order he appeals.—*Reversed.*

*W. H. Stivers* for appellant.

*Struble & Stiger* for appellees.

LADD, J.—The issue tried was whether the defend-
ant owned one-sixth of the land, as stated in the
petition, or one-half thereof, as alleged in the answer.
In other words, the title to one-third of the land was
in dispute, and was adjudged to be in the plaintiffs.
92 Iowa, 333 (60 N. W. Rep. 732).   Thereafter the

parties, by the execution of deeds, divided the lands, giving to each the portion awarded by the decree. The title, only, was contested, and no partition made by the court. In *McClain v. McClain*, 52 Iowa, 272 (3 N. W. Rep. 60), it is said: "While in form this is an action for partition, yet it is essentially an action to determine the title, which was in dispute. We do not think, in such a case, the fees of plaintiff's attorneys should be taxed as part of the costs." See also, *Duncan v. Duncan*, 63 Iowa, 150 (18 N. W. Rep. 858). The statutes contemplate the payment of plaintiff's attorneys for services essential to the accomplishment of actual partition of the real estate, by all parties, in proportion to their interests. Attorney's fees, however, for services rendered in the determination of issues wherein the title to, or some interest in the property is in controversy, should not be allowed or taxed as part of the costs.—*Reversed*.

KINNE, C. J., took no part.