FANNIE FINCH, JAMES LAMB, and W. G. HARVISON, Appellants, v. HARRIETT GARRETT, HENRY LAMB, CASPER LAMB, IRA LAMB, ORRIN LAMB, ROSANNA LAMB, and FLORENCE MARICLE.

**Advancements: CONSTRUCTION OF STATUTE.** The word "now" in Code, section 2459, providing that property given by an intestate by way of an advancement to an heir, shall be considered a part of the estate so far as regards the distribution thereof, and shall be taken by the heir towards his share at what it would "now" be worth, if in the condition when the gift was made,—refers to the time of distribution, and not to the date of the passage of the act.

**Evidence: PAROL VARIANCE OF DEED:** *Advancements.* Parol evidence is admissible to show that the deed from a parent to a child, expressing a valuable consideration, was in fact voluntary, where

the purpose is to show *that the conveyance was an advancement to the child, and not to avoid the deed.*

PRESUMPTIONS. A voluntary conveyance by a parent to a child is presumed to be an advancement, and the burden of showing that it is not, is on the person claiming that it was not so intended.

DECLARATIONS OF GRANTOR. Declarations of grantors in disparagement of their title, when made before their conveyance, are admissible against their grantee.

Innocent Purchaser: ADVANCEMENTS. Where, pending partition, one defendant purchases the interest of the others, having notice that plaintiffs were claiming that advancements had been made by the common ancestor of his grantors, he takes the land subject to set-off on account of these advancements.

Partition: ATTORNEY FEES. McClain's Code, section 4532, which authorizes the taxation of an attorney fee in partition suits in which there is no contest, does not warrant the allowance of such fees in contested partition suits.

COSTS. Under McClain's Code, sections 4517, 4531, providing that when issues are joined in partition the question of costs must be determined as in other suits, where plaintiffs plead advancements made to defendants, which defendants deny, and finding is made for plaintiff, costs in the lower court, after filing defendants answer, should be taxed to them.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

MONDAY, MAY 24, 1897.

SUIT in equity to partition certain real estate of which one Newton Lamb died seized. Some of the defendants pleaded advances made by their ancestor to the plaintiffs and the other defendants, and they asked that these advancements be taken into account in making the partition. The lower court found that certain advances had been made, and passed a decree accordingly. Plaintiffs appeal.—*Modified and affirmed.*

*E. J. Goode* and *W. G. Harvison* for appellants.

*Dudley & Coffin* and *B. F. Maricle* for appellees.

DEEMER, J.—Newton Lamb died intestate on the twenty-first day of April, 1892, seized of the property in controversy. This suit is brought to partition the real estate among the children and heirs at law of the deceased and their grantees. Harriett Garrett and Florence Maricle, daughters, and Orrin Lamb, a son, claim that the other children each received twenty acres of land, without consideration, from their father during his lifetime; that the land so received by each of them would now be worth, if in the condition when given, the sum of one thousand eight hundred dollars; and that the same should be treated as an advancement in the distribution of his estate. It is admitted that in March, 1871, Lamb conveyed twenty acres of land to each of his two sons, Casper and Henry, and that the consideration expressed in the deeds was one hundred dollars for each tract. It is also admitted that in October, 1873, he conveyed forty acres of land to his son James Lamb, the expressed consideration in this deed being eight hundred dollars. It is further admitted that in March, 1882, he deeded to his son, Ira Lamb, and to his daughter, Fannie Finch, each, twenty acres of land, and that the expressed consideration in these deeds was eight hundred dollars and love and affection. While this action was pending, W. G. Harvison purchased the interests of Henry and Casper Lamb in the estate of their father, and joined with Fannie Finch, whose attorney he had theretofore been, in this suit. James Lamb also joined as plaintiff. Of the defendants named none appeared save Mrs. Garrett, Mrs. Maricle, and Orrin Lamb, and these three asked that the several conveyances above mentioned be charged to each of the children who received them

as advancements to the extent of one thousand eight hundred dollars each, and that the land be considered a part of their ancestor's estate in the division and distribution of the property. Plaintiffs took issue with the defendants named on their plea of advancements, and on these issues the case was tried in the court below, resulting in a decree finding that these conveyances were advancements, and that the parties who received them should be charged with one thousand six hundred dollars in the distribution of the estate. The trial court further ordered that the costs should be paid out of the proceeds arising from the sale of the property, and refused to allow the defendants attorneys' fees.

Appellant's first contention is, that parol evidence is not admissible to show that the deeds from Lamb to his children were wholly without consideration, and they rely upon the well known rule that, when a deed expresses a consideration, parol evidence is not admissible to prove there was none, for the purpose of avoiding it. The defect in the argument is, that it assumes that parol evidence as to consideration was adduced in this case for the purpose of avoiding the deeds. No such thing was attempted. Appellees did not adduce this evidence for the purpose of destroying these deeds. They do not attempt to set them aside; nor do they claim that they are invalid. On the contrary, they insist that the deeds are valid, but they claim that the property was given by way of advancement, and should be taken into account in distributing the estate. This is quite different from an attack upon the deeds themselves. The exact question here presented has never, so far as we are able to discover, been before this court. But the undoubted weight of authority sustains the admissibility of such evidence. See *Bruce v. Slemp* (Va.) 4 S. E. Rep. 692, and cases cited; 2 Devlin, Deeds, sections 829, 830; *Meeker v.*

*Meeker*, 16 Conn. 383; 1 Jones, Real Prop., sections 295, 301; Browne, Par. Ev., page 289. Evidence is abundant that all these deeds, except the one to James Lamb, were without consideration, and were intended either as gifts or advancements to the grantees named. With reference to the deed to James Lamb, it clearly appears that there was no consideration for twenty acres of the land conveyed to him. Now, the rule is well settled in this state, that a voluntary conveyance from parent to child, is presumed to be an advancement, and the burden of showing that it is not, is upon the person who claims that it was not so intended. *Phillips v. Phillips*, 90 Iowa, 541 (58 N. W. Rep. 879), and cases cited. Appellants have not met this burden, and we therefore hold that each of these conveyances, to the extent of twenty acres, was an advancement to the grantees named.

Appellant Harvison purchased the interest of Henry and Casper Lamb in and to the estate of their father, November 1, 1893, more than a year after the death of the ancestor, and about nine months after the commencement of this suit, and took from each of them a deed of special warranty for an undivided one-ninth of the premises; the deeds reciting that it was the intent of each of the grantors to convey all their right, title, and interest in and to the estate of their deceased father. Harvison claims that, as purchaser of the interest of these heirs, his estate is not subject to offset on account of these advances. We need not consider whether Harvison, as an innocent purchaser of the interest of these heirs, would have any other or greater rights than his grantors, for the reason that it affirmatively appears that he had notice before he made his purchase that the heirs were claiming advances had been made by the common ancestor to his grantors. Having this

knowledge, he cannot be deemed an innocent purchaser of the land.

Further claim is made that the evidence by which the advances are attempted to be proven comes from witnesses who are not competent to testify by reason of the provisions of section 3639 of the Code. The testimony of some of appellees' witnesses with reference to communications from and transactions with their father was clearly inadmissible, but enough remains which is confessedly competent to establish the advancements claimed. Ira Lamb, Fannie Finch, Henry Lamb, and Casper Lamb each admitted that the lands conveyed to them were without consideration, and all but one of them say that they were given as an advancement. Presumption comes to the aid of appellees as to this other, and there can be no doubt that the conveyances to these parties were intended as advancements, without reference to the incompetent testimony admitted. That the conveyance to James Lamb was intended as an advancement is also established by a fair preponderance of the competent evidence. It is said, however, that declarations made by Henry and Casper Lamb in disparagement of their title are not admissible as against Harvison. These declarations, or those which we think were competent, were made before their conveyances to Harvison, and under well-known rules they were admissible. 1 Greenleaf, Ev., sections 189, 109, and cases cited; *Ross v. Hayne*, 3 G. Greene, 211; *Wilson v. Irish*, 62 Iowa, 260 (17 N. W. Rep. 511); *Hurley v. Osler*, 44 Iowa, 642; *Robinson v. Robinson*, 22 Iowa, 427. In this connection it must be remembered that Harvison is not a good-faith purchaser from these parties. Their declarations, while they held title and were in possession, are clearly admissible.

Complaint is made of the valuation fixed by the court, of these advancements. It seems that it valued them all at one thousand six hundred dollars. Appellants contend that they should not be considered at more than eight hundred dollars, for the reason that none of these tracts were worth more than that sum at the time the conveyances were made, and for the further reason that the father intended that the children who received them should be charged with no greater sum. This whole matter is regulated by statute (Code, section 2459), which is as follows: "Property given by an intestate by way of advancement to an heir shall be considered part of the estate so far as regards the distribution thereof, and shall be taken by such heir towards his share of the estate at what it would now be worth if in the condition in which it was so given to him." Generally speaking, the rights of heirs are determined and computed from the death of the ancestor, and the word "now," as used in this statute, must either have reference to that event or to the time when distribution is actually made. Looking to the whole chapter of the Code in which this section appears, it seems to us that the word "now" refers to the time of distribution, which in this case was the time the partition suit was tried. To interpret the word as meaning the date of the passage of the act, as contended for by appellants, would make the statute inequitable and unintelligible, and would furnish so uncertain a rule to be applied to such cases, that we cannot adopt it.

Appellants further contend that the statute means that advancements shall be valued at what the property was worth at the time it was given to the heir. We do not think this was the legislative intent. If it was, very queer language was selected by which to express it, for the statute says that the advancements

should be considered a part of the estate and be taken by the heir towards his share of the estate at what it would *now* be worth if in the condition in which it was so given to him. This gives us a fair and equitable rule. The favored heir has the use of the advancement from the time it is given until distribution, without charge. He is preferred above the other heirs to this extent, and the law wisely says that, as such gift is made to the heir in anticipation of his share in the estate, and is to be taken into account in making distribution, it shall be considered a part of the estate, and taken by such heir towards his share at what it would now be worth if in the condition in which it was when given to him. The statute is plain and unambiguous, and there is no room for construction except as to the word "now," and the context clearly indicates that it should be given the meaning heretofore affixed to it. The lower court fixed the value of these advancements at one thousand six hundred dollars. There is abundant evidence to sustain this finding. Indeed, a greater valuation would not be without support; but we leave it as fixed by the lower court, believing that amount to be equitable and just.

There is no evidence in the case to sustain Harvison's claim of estoppel.

Appellees filed a motion to re-tax costs, and to tax attorney's fees. This motion was overruled, and they appeal from the ruling. The statute provides (McClain's Code, section 4532): "In all actions for partition of real estate, where there is no defense made, no greater attorney fee shall be allowed by the court to be taxed for and as attorney fees in such action for partition than provided in section 2 hereof." Section 2 provides the amount to be taxed. We have heretofore held, in construing these sections, that attorney's fees should not be taxed in

cases where there is a contest. *McClain v. McClain*, 52 Iowa, 272 (3 N. W. Rep. 60); *Duncan v. Duncan*, 63 Iowa, 150 (18 N. W. Rep. 858). As there was a contest here, the court was right in refusing to tax such fees. As to the other costs, the statute (McClain's Code, section 4531) provides, "that all the costs of the proceedings in partition shall be paid in the first instance by the plaintiffs, but eventually by all the parties in proportion to their interests, except those costs which are created by contests above provided for." The contests above provided for relate to issues made by the pleadings, with reference to the respective interests of the parties; and it is further provided, in section 4517 of the same Code, that "issues may thereupon be joined and tried between any of the contesting parties, the question of cost, on such issues being regulated between the contestants agreeably to the principles applicable to other cases." The appellees in this case admitted the heirship of all parties, but further pleaded advancements made to appellants. Appellants denied these advancements, and on this issue the case was tried. Appellees succeeded, and, applying the rule applicable to other cases, it follows that all costs made in the lower court after the filing of defendants' answers should have been taxed to them, and the court below should have so ordered. The case of *Duncan v. Duncan, supra*, holds that issues, such as are here presented, make the contest referred to in the statute.

In all other respects the decree was correct, and it will be so modified as to tax all costs made after the filing of defendants' answer to the appellants.— MODIFIED AND AFFIRMED.