ALBERT G. MOORE *et al.* v. JAMES HERD.

No. 15,237.   (93 Pac. 157.)

SYLLABUS BY THE COURT.

HUSBAND AND WIFE—*Descents and Distributions—Wills—Election.* The statute (Gen. Stat. 1901, § 7979) requiring a widow to elect whether to accept the provisions of her deceased husband's will or to take what she is entitled to under the law of descents and distributions applies also to a husband for whom provision is made by the will of his deceased wife. In view of its origin and its intimate connection with the act relating to descents and distributions it must be deemed to be affected by the language of section 28 thereof (Gen. Stat.

1901, § 2529), that provisions of that act in relation to the widow of a deceased husband shall be applicable to the husband of a deceased wife.

Error from Douglas district court; CHARLES A. SMART, judge. Opinion filed December 7, 1907. Affirmed.

*W. J. Sturgis, S. D. Bishop,* and *A. C. Mitchell,* for plaintiffs in error.

*John Q. A. Norton,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: The parties to this proceeding agree that it turns upon this question: Does the statute relating to the election by a widow to accept the provisions of her husband's will or to take what she is entitled to under the law of descents and distributions apply also to a husband for whom provision is made by the will of his deceased wife? The statute reads:

"If any provision be made for a widow in the will of her husband, and she shall not have consented thereto in writing, it shall be the duty of the probate court, forthwith after the probate of such will, to issue a citation to said widow to appear and make her election, whether she will accept such provision or take what she is entitled to under the provisions of the law concerning descents and distributions, and said election shall be made within thirty days after the service of the citation aforesaid; but she shall not be entitled to both." (Gen. Stat. 1901, § 7979.)

A section of an Iowa statute substantially similar to this, so far as relates to the matter under consideration, was held to require an election by a husband who wished to take the benefit of his wife's will. (*Everett v. Croskrey,* 92 Iowa, 333, 60 N. W. 732, citing *Shields v. Keys,* 24 Iowa, 298.) That section, however (Iowa Code 1873, § 2452), was a part of a chapter in another portion of which this language occurred: "All provisions made in this chapter in regard to the widow of a deceased husband shall be applicable to the surviving

husband of a deceased wife." (§ 2440.) Practically the same language is found in the Kansas act concerning descents and distributions (Gen. Stat. 1901, § 2529), which was adopted in 1859 (Laws 1859, ch. 63), being taken with but slight changes from the Iowa statute.

In this state, however, the whole subject of wills, including the matter of the election by the widow, is treated in a different chapter, enacted at a later date. It is therefore difficult to find in the bare words of the statute justification for extending to the husband a provision relating in terms only to the wife. When, however, the matter is considered broadly, in the light of the history of this particular enactment and of the spirit of equality and uniformity which pervades all our legislation affecting the parties to the marriage contract, it is difficult to reach any other conclusion than that the real intention of the legislature was that their reciprocal rights should be precisely the same with regard to wills as in all other matters. There would be less occasion to depart from the literal reading of the statute if nothing more were involved than the manner of election—if the question were merely whether the husband should indicate his choice formally, as is required of a widow, or might do so by any method ordinarily open to a devisee who has rights inconsistent with the terms of a will—one, for instance, whose property the testator assumes to dispose of. But the issue is more important than this; the question is not how the husband shall elect but whether he shall be required to elect at all.

The Kansas act relating to wills (Gen. Stat. 1901, ch. 117) was framed by the commissioners appointed for the revision of the statutes in 1868, and passed in that year. It was borrowed very largely from the Ohio law. (Rev. Stat. Ohio, 1860, ch. 123.) There was inserted, however, a new section (Gen. Stat. 1901, § 7972) forbidding either spouse to bequeath away from the other, except by written consent, more than

one-half of the property of the testator. The section of the Ohio statute upon which that now under consideration was based reads as follows:

"If any provision be made for a widow in the will of her husband it shall be the duty of the probate judge, forthwith after the probate of such will, to issue a citation to said widow to appear and make her election, whether she will take such provision, or be endowed of the lands of her said husband, and said election shall be made within one year from the date of the service of the citation aforesaid; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention that she should have such provision in addition to her dower." (Rev. Stat. Ohio, 1860, ch. 123, § 43.)

It will be observed that two of the changes made were rendered necessary by the addition of the new section referred to, and by the fact that the estate of dower had already been abolished in Kansas. The words "and she shall not have consented thereto in writing" were added, and for the phrase "or be endowed of the lands of her said husband" there was substituted "or take what she is entitled to under the provisions of the law concerning descents and distributions." (Gen. Stat. 1901, § 7979.) The only other change, aside from that reducing the time for election from one year to thirty days, was the dropping of the words "unless it plainly appears by the will to have been the intention that she should have such provision in addition to her dower," thereby making the rule absolute that the widow could not have the benefit of the will and the law both. The legislature cannot have regarded the provisions relating to this rule either as surplusage or as merely declaratory. At common law the wife was permitted to claim her dower while accepting devises under her husband's will. (2 Underhill, Wills, §.744; 1 Jarman, Wills, 6th ed., 463, *p. 429.)

"It is well established, as general doctrine, that since dower is a legal right, the intention to exclude that

right, by *a devise or bequest* of something else, must be demonstrated, if not by express words, at least by (what appears to the court to amount to) necessary implication. It is only where the claim of dower would be inconsistent with the will, or plainly tend to defeat some other part of the testator's disposition of his property, that the widow can be compelled to elect whether she will take her dower, or the interest devised to her." (1 Cooley's Blackstone, 2d ed., book 2, p. 138, note 34.)

The same is said to be true as to a statutory right granted in lieu of dower.

"It is a general rule in equity, as regards the widow's dower, that the court will not compel her to elect between her dower or other statutory right and interest which she may have in the estate of the testator, and a provision made for her in the will, unless, first, it shall appear *in express terms* that the bequest or devise was given in lieu or satisfaction of her dower; or second, unless it appears by clear and manifest implication on the circumstances of the case that the testator intended her to elect. She will not be compelled to elect unless her claim of dower is plainly inconsistent and irreconcilable with the will of the testator and so repugnant to it that *both her claim of dower and the devises in the will cannot consistently be upheld.* She has a right to take both, despite the fact that the benefit given by the will may be much greater in fact than her dower." (2 Underhill, Wills, § 744.)

It seems naturally to follow that if, in the absence of a statute to the contrary, a wife might claim the half of her deceased husband's estate under the law of descents and distributions and also take the benefit of his will, the husband could do the same with respect to his deceased wife's estate, where the law gives each the same interest in the other's property. If the section now under consideration is to be applied to the widow exclusively, it must be upon the assumption that the lawmakers intended to deny such a privilege to the wife, while suffering the husband to continue in its enjoyment. Such an intention ought not to be

imputed to the legislature if any reasonable alternative is presented, for it is entirely at variance with the purpose manifested in every other part of the Kansas statutes affecting the relations of husband and wife—a purpose to give the same property rights to each. Rather than accept such an interpretation the court may well conclude, and does conclude, that the framers of the act regarded it as so intimately connected with the chapter on descents and distributions as to be affected by the rule there laid down that provisions in relation to the widow of a deceased husband should be applicable to the husband of a deceased wife.  Of course, if the statute is to be construed as forbidding the husband as well as the wife to take under the will and under the law at the same time, it necessarily follows that all its provisions relating to the election, including the method by which it shall be made known, must be held to apply in the one case as well as in the other.

If the revision commissioners in 1868 had undertaken to draft in their own language a statute regarding election, adapted to the rights of the husband and wife as they exist in Kansas, they would doubtless have made it refer in terms to both spouses.  But they evidently chose to accomplish their purposes by making only such changes in the Ohio law as seemed necessary to that end.  Proceeding in this manner it is not surprising that they should have omitted an express mention of the privileges and duties of the surviving husband, upon the assumption that other parts of the statutes would make it clear that they were the same as those specified in the case of the widow.

This view of the question discussed requires an affirmance of the judgment of the district court.