No. 19,619.

L. D. COMPTON, *Appellee*, v. EVERETT AKERS et al., *Appellants*.

SYLLABUS BY THE COURT.

DESCENTS AND DISTRIBUTIONS—*Effect of Election by Widow to Take Under Will.* A widow who elects to take under her husband's will thereby bars herself and her heirs from inheriting property of the husband undisposed of by the will.

Appeal from Sumner district court; CARROLL L. SWARTS, iudge. Opinion filed July 10, 1915. Affirmed.

*W. W. Schwinn,* of Wellington, for the appellants.

*W. T. McBride,* and *Harold W. Herrick,* both of Wellington, for the appellee.

The opinion of the court was delivered by

WEST, J.: James Pierce devised to his wife his quarter section of land for life and an undivided one-half at her death to his friend L. D. Compton. After his death and the death of his widow, who had elected to take under the will, Compton took possession of the entire quarter section, and by this suit attempted to quiet his title against the heirs of Mrs. Pierce on the theory that by her election she barred herself and her heirs from all interest in the land except her life estate. The appeal presents the one question whether or not, such election having been made, her heirs can inherit.

There is no dispute that under ordinary circumstances the election by the widow precludes her from all rights of inheritance under the law, and this is made plain by the statute of wills. (§ 42, Gen. Stat. 1909, § 9819.) But the real question concerns the effect of such election upon property not disposed of by will. The court below held that the widow's heirs could not inherit.

While the matter of election has been ruled on, the point now raised has not been previously presented in this state. (*Allen v. Hannum,* 15 Kan. 625; *Noecker v. Noecker,* 66 Kan. 347, 71 Pac. 815; *Moore v. Herd,* 76 Kan. 826, 93 Pac. 157; *Ashelford v. Chapman,* 81 Kan. 312, 105 Pac. 534; *Pittman v. Pittman,* 81 Kan. 643, 107 Pac. 235; *Martin v. Battey,* 87 Kan. 582, 125 Pac. 88.)

Of the numerous cases cited and examined and others which have come to our notice, quite a number are governed by the provisions of statutes which make it a matter of merely giving effect to legislative direction, while others involve an election to take under the law and can not therefore furnish much light or assistance. Those most nearly parallel and applicable will be briefly noticed. *Ragsdale et al. v. Parrish,* 74 Ind. 191, involved an election by a widow to take under the will of her husband which gave her only a life estate in certain of his land, and it was claimed that this did not preclude her from inheriting other land not disposed of by the will, but it was held that the statutes governing the matter were such that when construed together they must be held to mean that when a substantial provision was made for the widow by the will she could not, in the absence of a plainly expressed intention to the contrary, take both under the will and under the statute, and the case was distinguished (p. 196) from *Armstrong v. Berreman,* 13 Ind. 422, to be noticed later. In *Langley v. Mayhew et al.,* 107 Ind. 198, 6 N. E. 317, it was held that when a widow accepts the provision made by the will which declares that it shall be in lieu of all other interest she may have in the estate, and she gives a receipt expressly agreeing to take under the will in lieu of all other claims, she can not take under the statute. On rehearing the original opinion was adhered to (107 Ind. 204, 8 N. E. 157), the court stating that as then constituted it would not follow some of the decisions previously made, but was inclined to accept the rule laid down in *Morrison v. Bowman,* 29 Cal. 337. That rule is that "if the husband, by his will, undertakes to dispose of the wife's half of the common property, as well as his own, to her and others, and she elects to accept the benefits intended and provided for her by the will, she thereby becomes divested of her title in and to the undivided half of the common property, provided an assertion of her community right and interest would necessarily defeat the objects of the will." (Syl. ¶ 3.) This is a well-considered opinion citing and relying largely upon Jarman, Story, and Kent, besides numerous early decisions discussed and followed. In *Jackson's Appeal,* 126 Pa. St. 105, 17 Atl. 535, the testator gave one-third of the estate to his wife, and gave certain other legacies to others, and died without issue, leaving property un-

disposed of. Shortly thereafter the widow died without having made an election. It was held that as she would be presumed to take under the will her administrator could claim only one-third of the entire estate and was not entitled to any part of that left undisposed of by the will. In *Matter of Hodgman*, 140 N. Y. 421, 35 N. E. 660, it was decided that:

"Where a testator bequeaths his widow a certain sum 'in full satisfaction and recompense of and for her dower or thirds' in his estate, and the widow accepts such bequest, she is estopped from claiming a share as distributee in certain legacies of the testator that had become lapsed." (35 N. E. 661, headnote, ¶ 4.)

In *Walker v. Upson*, 74 Conn. 128, 49 Atl. 904, it was ruled that when a testator gives his wife one-half his estate, allowing her to select it as she may choose, and dies intestate as to the residue, her acceptance under the will precludes her from sharing in such residue. In *Smith v. Perkins*, 148 Ky. 387, 146 S. W. 758, it was held that a widow who received a provision made for her in her husband's will, and took no steps for more than a year to repudiate such provision and take dower, could not thereafter recover dower in lands as to which her husband died intestate, the statute requiring that such relinquishment given by the will must be made within twelve months, and the court said:

" 'The mere fact that the amount devised to the widow is less than her dowable and distributable share would have been in her husband's estate can not alter the legal effect of her act in failing to renounce the provisions of the will.' (*Bayes, &c. v. Howes, &c.*, 113 Ky. 465, 68 S. W. 449.) " (p. 391.)

In another part of the opinion it was said:

"It is wholly immaterial whether the will disposes of the entire estate of the husband or not, for, having made such provision for her as he desired her to have, if she is not satisfied with it, she must renounce it and take under the law. Failing to do this, she loses her rights." (p. 393.)

In *Ellis v. Dumond*, 259 Ill. 483, 102 N. E. 801, it was held that:

"Acceptance by the widow of the provisions made for her in the will bars her right to dower, not only in the estate disposed of by the will, but also in intestate property which the testator acquired after the will was made but did not dispose of." (Syl. ¶ 1.)

There certain statutes referred to provided in substance

that any provision in the will made for the wife should, unless otherwise therein expressed, bar the right of dower in the lands of the deceased, unless such provision should be renounced. In *Malone adm'r. v. Majors,* 8 Humph. (27 Tenn.), 577, the statute provided that unless the widow within six months declared her dissent from the provision made by the will, the will would be considered fully satisfactory, and it was decided that she could not thereafter claim any portion of the property as to which her husband died intestate. In *Armstrong v. Berreman,* 13 Ind. 422, the facts were that Armstrong died leaving his widow, Sarah, and no children, having made a will by which he bequeathed to his wife "all the rest of his estate, both real and personal, during her life, and to be disposed of by her at her pleasure." (p. 423.) He also appointed her his executrix. Sarah qualified and returned an inventory showing that the personal estate amounted to $7540, with practically no debts. In a short time she died intestate, and it appeared that certain real estate was left by the husband, and out of the controversy over the estate it became necessary to construe the following provision of the statute:

"If a husband or wife die *intestate,* leaving no child, and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." (Syl.)

The court said:

"Suppose a man die, leaving no child, nor father or mother, but having made a will bequeathing a small portion of his estate to a friend, there being a large residuum undisposed of. Shall the surviving wife not take it under the provisions of the section quoted, because of the bequest? As before remarked, we think that, in such case, the surviving wife should be held entitled to the property, so far as it was not otherwise disposed of by a will." (p. 424.)

This was said to be in accordance with the spirit of the statute and the intention of the legislature, and it was suggested that in case of a person dying intestate, disposing of a small part of his property by will and leaving all the remainder undisposed of, it should descend to his children as property of the person dying intestate. The court took up then the question of escheat and said:

"But suppose a will be made in such case, disposing of a part only of the estate, where shall the remaining portion go? Will the state not be entitled to it for the support of schools, under this section, although the

deceased did not literally die intestate? . . . We are of the opinion that the simple fact that *Benjamin Armstrong* made a will, is no reason why the provision first above quoted, should not apply in favor of his surviving widow. So far as the property was undisposed of by will, the deceased may be said to have died intestate." (p. 425.)

The court then discussed the matter of election, which was practically the same as now provided by section 9818 of our General Statutes of 1909, and held that it had no application to the case of the surviving wife, who claimed the whole estate as an heir, there being no others capable of inheriting before her, the result of the entire decision being that the widow inherited the property not disposed of by the will. In *Lindsay et al. v. Lindsay et al.*, 47 Ind. 283, in considering a case of an election under the law the rule in *Armstrong v. Berreman*, 13 Ind. 422, was followed, and it was said:

"We are entirely satisfied with *Armstrong v. Berreman*, supra, and adhere to it. We think that section 26, *supra*, should be construed as if it provided that if a husband or wife die, leaving any estate undevised, and leaving no child, and no father or mother, the whole of such estate shall descend to the survivor." (p. 285.)

In *Dale, Adm'r de bonis non, etc., v. Bartley et al.*, 58 Ind. 101, considering a case of election to take under the law, the court cited (p. 105) with approval *Armstrong v. Berreman* and *Lindsay et al. v. Lindsay et al. Collins v. Collins et al.*, 126 Ind. 559, 564, 25 N. E. 704, 28 N. E. 190, was a case in which a husband devised all his real estate to his wife for life and a certain portion of the fee to his son and daughter. The daughter and her only son died in the testator's lifetime, and the son soon after the father. The widow elected to take under the will. It was held that the devise to the daughter lapsed, and as to the real estate devised to her the testator died intestate. It was held that as to the land devised to the daughter, the will being inoperative, the same was cast upon the heirs of the decedent, one-half going to the widow, the other half to the son; that her election to take under the will divested her of her one-third of the land devised to the daughter, but she still retained her interest in excess of the one-third which was the one-sixth. In *Sutton v. Read*, 176 Ill. 69, 51 N. E. 801, the will gave all the property to the wife to be accepted by her in lieu of dower during her natural life. There was no further disposition made of the real estate, and there was no residuary

clause, the fee in the realty being left undisposed of. It was held that the statute applied that all estate not devised or bequeathed should be distributed in the same manner as the estate of an intestate, and that her failure to elect under the statute relating to dower could effect none of her interest except her dower. It was further held that the provision of the statute that if one died testate, leaving no descendents, the surviving spouse may in lieu of dower take one-half of the realty, did not bar the widow who took under the will from also taking under the statute as to the realty as to which testator dies intestate.

It is laid down as the general rule that unless there is a manifest intention to the contrary the presumption is that the testator intended that his property should go in accordance with the laws of descents and distributions, and that heirs at law will not be disinherited by mere conjecture, but only by express words in the will or by necessary implication arising from them. (40 Cyc. 1412, 1498.) It is also stated that the widow is not put to her election between the provision for her under the will and her rights as heir to the property undisposed of unless "she is put to her election by statutes providing for such cases. But a widow taking under the will is barred of her dower in the property undisposed of, and the widow is not entitled to take both her dower interest and her interest as heir or distributee of property not disposed of." (40 Cyc. 1970.) Gardener on Wills says:

"The prevailing rule is that, where a widow elects to take under the will, she thereby loses all interest in property in regard to which the testator died intestate, as well as in that upon which the will operates other than that given her in lieu of dower." (p. 611.)

The will itself after giving the wife all of his personal property except one large bay horse, named Charley, provides as follows:

"2nd. I also give and bequeath unto her the rents, use occupancy and right of possession and complete control of the farm on which we now reside during her natural life time.

"3. I give and bequeath unto L. D. Compton of Wichita, Kan. who is now occupied as a Rock Island R. R. employee, the undivided one half interest in and of the north East quarter of section twenty-three (23) in township thirty one south range one east in Sumner County, Kansas. This bequest is to take effect and be in force at and after the death of

Compton v. Akers.

my wife, Elizabeth. I also give unto him my bay horse 'Charley' which he is to have possession of at the time of my death.

"4. I hereby appoint my wife Elizabeth Pierce Executrix of this my last will and request the Court granting letters hereon to not require of her any bond."

There is certainly nothing in this will indicating any intention that any of the fee in the land should go to the wife, and it would seem that the testator forgot or neglected to provide where the fee in the remaining undivided half should go. It seems natural and proper that it should go to his heirs as if he had died intestate, which he did in respect to this portion of his property, but other instances might arise in which it would not seem so natural or so proper. If a husband owning large bodies of land should devise all but a small tract to his wife and leave that undisposed of it would seem perfectly fair and proper that her election to take under the will should bar her heirs from inheriting such small tract.

But it will be observed, as already suggested, that in the cases referred to it was usually a matter of statutory construction, and indeed "to this complexion must it come at last," so that the real point before the court is whether the letter of the statute is controlling or whether it is to be construed to mean that the election bars the widow of her inheritance only as to property disposed of by the will. The statute of descents and distributions and the statute of wills have been in force since 1868 and no legislature has seen fit to modify or amend the requirements so far as they affect this case, but it is ordered that "words and phrases shall be construed according to the context and the approved usage of the language." (Gen. Stat. 1909, § 9037, subdiv. 2.)

Section 9818 of the General Statutes of 1909 provides that if any provision be made for a widow in the will of her husband the probate court shall after the probate of such will cite her to appear "and make her election, whether she will accept such provision or take what she is entitled to under the provisions of the law concerning descents and distributions. . . . but she shall not be entitled to both." This would seem to make the statute of wills superior, in case of such election, to the statute of descents and distributions, and to preclude her from resorting to both. Section 9819 requires the probate court to "explain to her the provisions of the will,

her rights under it, and also her rights under the law, in the event of her refusal to take under the will. . . . And if the widow shall fail to make such election she shall retain her share of the real and personal estate of her husband as she would be entitled to by law in case her husband had died intestate. If she elects to take under the will, she shall not be entitled to the provisions of the law for her benefit, but shall take under the will alone." But this is not all. The next two succeeding sections provide that if the widow be unable to appear in person a commission may be issued with a copy of the will annexed to take her election, and "it shall be the duty of the court, in said commission, to direct such person to explain to said widow her rights under the will and by law" (§ 9820), and in case of the widow's insanity or imbecility the court must appoint some reliable person "to ascertain the value of the provision made by the testator for her in his will in lieu of the provision made by law, and the value of her rights by law in the estate of her husband" (§ 9821), and if the court is satisfied that the devise is more valuable than the law's provision it shall elect for the widow to take under the will.

Language less free from ambiguity or more clearly understandable would be hard to find, and we see no sufficient ground for the interpolation of an exception in case of property undisposed of by will.

The ruling of the trial court that the heirs of the widow can not inherit is affirmed.

MARSHALL, J. (dissenting) : I do not concur in the conclusion reached by this court. Upon the widow's election, the part of the estate undisposed of by will descends to the other heirs, if there are any, but if there are none, she takes the entire estate.