Butler v. Miller.

No. 25,320.

MARY BUTLER, *Appellant*, v. INA MILLER, FLOSSIE ROCK, EDNA
BROWN, NELLIE EWART, and EMMA WILLIAMSON, *Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Interpretation—Election of Widow to Take Under the Will—Widow
May Not Take Both Under the Will and Under the Statute.* When a husband makes provision in his will for his widow and she elects to take under the will, she takes under the will alone, and is not entitled to provisions of law for her benefit respecting the homestead or other property disposed of by the will.

2. SAME—*Provisions of Will Not in Conflict With Rule Against Perpetuities.* When by a will the estate in property becomes fully vested upon the death of the survivor of several named persons who were in being at the time the will was executed, it is not void by reason of being in conflict with the rule against perpetuities.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed June 7, 1924. Affirmed.

*C. S. Ritter,* of Iola, for the appellant.
No appearance was made for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Mary Butler, the widow and executrix under the will of Joshua Butler, deceased, brought this suit in the district court to have construed and interpreted the second paragraph of the will, which reads as follows:

"It is my will and desire and I hereby give and devise to my wife, Mary Butler, the residence now occupied by me as my homestead and described as follows, to wit: (description), to have and to hold as her own during the term of her natural life and at her death to descend to my five daughters, Emma Williamson, Nellie Ewart, Edna Carmain, Flossie Henry and Ina Butler, share and share alike, during the term of the natural life of each of my said daughters respectively.

"And at the death of each of my said daughters, the share devised to her to descend to her children in fee simple; provided, that should any or either of my said daughters die without leaving living children, then the share of said property of said daughter or daughters dying without leaving living children shall descend to and become the property of my grandchildren in fee simple, share and share alike."

By other terms of the will bequest and devise of valuable property was made to each of the children and the widow, but none of these

are asked to be interpreted or construed. Plaintiff averred that the homestead described in the second paragraph of the will was occupied by a large frame house, suitable for a large family, and a brick barn; that the house was old, in bad repair, was expensive to maintain, and not suitable as a home for plaintiff; and that the testator did not have such burdensome duties for plaintiff in mind when he made his will, and did not intend that she should not sell or exchange it for another home more suitable, but inserted the provisions with the belief that plaintiff and defendants could alienate and pass a full and complete title thereto, and provided that the proceeds be by her invested in another home for herself, and the balance, if any, be kept intact to abide the conditions of the will. It is further averred that plaintiff signed a consent to the will at the time it was made, but that such consent was not witnessed; that after it was probated she filed an election to take under the will and the codicil thereto, but that notwithstanding such consent and election the provision of the will devising any interest in the homestead to anyone other than plaintiff is void, being in contravention of the constitution and statutes providing a homestead right for the surviving wife of the deceased, and that by reason thereof she was entitled to the homestead in fee simple. It is further averred that the provisions of the will provide a complete suspension of the power to alienate the real property for an indefinite period; that the time when the title will vest is so remote that it cannot be calculated or ascertained, and the provision is void for that reason.

Upon the trial Mary Butler testified that she was the widow of Joshua Butler, who died January 2, 1919, and executrix of his will and now in charge of and managing the property left by him; that at the time of his death their home was upon the property described in the second paragraph of the will, where they had lived twenty-one years, and is now her home, but is not occupied by any other member of the family; that the residence is a twelve-room frame house, and by reason of its size is an unsuitable place for her to live, and expensive to repair; that there is a big barn, used mostly for storage; that her husband had told her that if she outlived him she could build a cottage on the north of the same lot; that when the will was made the testator brought it to her and she signed it; that no one else was present. He then took it and she did not see it again until after his death; that the defendants are the five daughters of the testator; the oldest was forty-five and the youngest twenty-seven at

the time of his death. Some of the daughters have children. The probate records were offered in evidence. These disclosed that Mary Butler filed a petition to probate the will, and also filed a written election to accept under the will and the codicil thereto, and that letters testamentary were issued to her.

Appellant contends that the will does not affect the one-half of the homestead, for the reason she did not give her consent in writing, duly witnessed, to such devise, and that her election to take under the will made after her husband's death does not affect the one-half of the homestead secured to her by the constitution and the statutes.

There is no merit in this contention. In determining this we shall assume that the consent at the time of the making of the will is not effective because it was not made in the presence of witnesses, and because the codicil was made without her knowledge. The election of the widow to take under the will, however, is not questioned, and the effect of this is to require her rights to be measured by the terms of the will. She cannot take both under the law and under the will. The statute so specifically provides, and such has been the holding of this court. (R. S. 22-246; *More v. Herd,* 76 Kan. 826, 93 Pac. 157; *Ashelford v. Chapman,* 81 Kan. 312, 105 Pac. 534; *Compton v. Akers,* 96 Kan. 229, 150 Pac. 219; *West v. West,* 105 Kan. 523, 185 Pac. 4; *Burns v. Spiker,* 109 Kan. 22, 202 Pac. 370.) Appellant argues that while this would be true with respect to other property, it is not true with reference to the homestead, because the constitution fixes the homestead right while the statute determines the effect of an election under the will. A complete answer to this is that the constitution does not forbid the widow voluntarily relinquishing her homestead right entirely or any part of it, and her election to take under the will, made after the death of her husband, is a relinquishment of all rights she has in the property of the testator, homestead or otherwise, except those given to her by the will.

Appellant contends that the second paragraph of the will is void by reason of being in conflict with the rule against perpetuity. In *Keeler v. Lauer,* 73 Kan. 388, 393, 85 Pac. 541, it was said:

"Having no statute on the subject, the common-law rule prevails, under which the contingent interest must become vested within a life or lives in being and twenty-one years afterward. . . ." (Citing Gray's Rule Against Perpetuities, 1st ed., § 201.)

It was there said:

23—116 Kan.

"The true form of the rule against perpetuities is believed to be this: No interest subject to a condition precedent is good, unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest."

(See, also, *Lasnier v. Martin*, 102 Kan. 551, 171 Pac. 645.)

Under the will in this case the contingent interest becomes vested at the time of the death of the last survivor of the wife and children of the testator living at the time the will was executed. Hence it is within the time provided by the rule above stated. In this connection appellant indulges in speculation as to the relative shares of the remainder interest depending upon which one of the testator's children died first, those having children or those not having children. These are questions that must be determined when they arise. It is useless to speculate on them at this time, for in any event the total estate vests at the death of the survivor of the wife and living children of the testator.

The judgment of the court below is affirmed.