### UNITED STATES v. RAMSAY et al.

### No. 2515.

Circuit Court of Appeals, Tenth Circuit.

Oct. 12, 1942.

Maryhelen Wigle, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Maurice P. O'Keefe, Karl W. Root, and John C. Foulks, all of Atchison, Kan., on the brief for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

On May 23, 1934, Robert W. Ramsay died testate, a resident of Atchison County, Kansas, where his estate was duly probated. In the federal estate tax return, the trustees took a deduction of an item of $13,000 allowed by the Probate Court for the support of the widow during the period of administration. The item was disallowed and an additional assessment of $1,490.91 was made. It was paid under protest and this action was instituted in the District Court of the United States for the District of Kansas to recover the same. Plaintiffs prevailed and the government has appealed.

As far as applicable here, Sec. 303(a) (1) of the Revenue Act of 1926 as amended by Sec. 805 of the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A. Int.Rev. Acts, p. 232, provides for a deduction from the gross value of an estate of such amounts reasonably required and actually expended during the settlement of the estate for the support of those dependent upon the deceased as are allowed by the laws of the jurisdiction under which the estate is being administered.

Sec. 22-511 of the General Statutes of Kansas, 1935, deals with allowances to the widow and minor children out of the personal property of a decedent's estate. Subsections 1 and 2 provide for setting aside to the widow and minor children certain of the personal property of the deceased. They provide if the value of such property is less than $125.00 for each person, the difference may be paid either in cash or other property. Subsection 3 sets aside certain additional articles of personal property to a widow and minor children of a deceased farmer. It provides that if these additional items of property are worth less than $250, the difference shall be paid in cash or other property. Under the statutes of Kansas, the most the widow could be allowed in cash is $375.00.

■ Appellees concede that the state statute gives no specific authority to make an allowance such as the Probate Court made here. But they contend that although there is no statutory authority therefor, such power exists under the broad general power vested in the Probate Court in the administration of a decedent's estate. No authority is cited in support of this contention. It is doubtful if it can be sustained, but in any event it does not control the decision in this case. The right to deductions must be sought and found in the applicable revenue statute. Save as provided for therein, there is no right to any deduction or exemption. The revenue statute expressly limits the exemption for the support of dependents during probation to that provided for in the state law.

The statement is made by appellee that the precise question was specifically decided by the Board of Tax Appeals in Appeal of Estate of Blair, 4 B.T.A. 959, and Wolferman v. Commissioner, 10 B.T.A. 285. A careful analysis of these cases does not sustain this statement. In the Blair case an allowance of $7,200.00 was one of the items involved in the appeal before the Board. The only statement by the Board concerning this is: "The Commissioner reduced this by reason of a local statute which we think was not applicable and does not show the amount to be unreasonable." Although the Wolferman case was decided subsequent to the Blair case, the Board did not bottom its decision therein on the Blair case, but rather upon Bronson v. Commissioner, 7 B.T.A. 127. The Bronson case did not involve a widow's allowance. All that was held in the Bronson case was that the reasonable sums allowed for trustee's services and attorney's fees in the administration of the estate were proper deductions under the Revenue Act in determining the value of the net estate.

■ The language of the statute is clear and explicit. It limits the deductions for the support of dependents during the period of probation to that authorized by state law. The maximum amount deductible under the state law of Kansas in this estate was $375, but even that amount may not be deducted here. Decedent died testate and the widow elected to take under the will. When she took under the will she lost her right to the provisions made for her by law. Burns v. Spiker, 109 Kan. 22, 202 P. 370; Butler v. Miller, 116 Kan. 351, 225 P. 895.

Reversed and remanded, with directions to disallow the claim.