ARMSTRONG and Others *v.* BERREMAN, Administrator.

A husband made a will by which, after providing for the payment of his debts, &c., he bequeathed to his wife all the rest of his estate, both real and personal, during her life, and "to be disposed of by her at her pleasure." He died, leaving no child, nor father nor mother. The statute regulating descents, &c., provides that "If a husband or wife die *intestate*, leaving no child, and no father or mother, the whole of his or her property, real and personal, shall go to the survivor."

*Held*, that a surviving wife takes the estate, in such case, under the statute,

notwithstanding a will may have been made, so far as it is not otherwise disposed of by that will.

Section 41 of the statute regulating descents, can have no bearing upon a case of this kind.

An amendment of a statute or section cannot be made without setting out the amended statute or section at full length.

APPEAL from the *Hendricks* Court of Common Pleas.

WORDEN, J.—This was a suit brought by *Armstrong* and others, who claim to be heirs at law of *Benjamin Armstrong*, deceased, against *Berreman*, administrator of *Sarah Armstrong*, deceased, who was the widow of *Benjamin Armstrong*, for the recovery of certain personal property, or the proceeds thereof, which belonged to the estate of said *Benjamin*, deceased, and also for the partition between the plaintiffs of the real estate of said *Benjamin*.

The facts charged are, in substance, that in *March*, 1855, said *Benjamin Armstrong* died, leaving no children, but leaving *Sarah*, his widow, surviving him, and the plaintiffs, who were the brothers and the children of deceased brothers of *Benjamin;* that *Benjamin*, before his death, made his will, by which, after providing for the payment of his debts and funeral expenses, he bequeathed to his wife, "all the rest of his estate, both real and personal, during her life, and to be disposed of by her at her pleasure." He also appointed her his executrix. Letters testamentary were duly issued to her, and she made and filed in the proper Court an inventory of the personal estate, having caused the will to be duly admitted to probate; that the personal estate amounted to 7,540 dollars; that there were no debts to be paid, except one small sum; that afterwards, in 1855, the said *Sarah* died intestate, leaving surviving brothers and half-brothers, &c.; that afterwards, on the 8th of *October*, 1855, the defendant, combining and confederating with others, &c., to cheat and defraud the plaintiffs out of the estate of said *Benjamin*, took out letters of administration upon the estate of said *Sarah*, with the fraudulent design and intention of appropriating to his own use the goods and effects belonging to the estate of said *Benjamin* (which the plaintiffs

claim belonged to them after the death of said *Sarah*), and caused the same to be inventoried and appraised as the property of said *Sarah;* that he afterwards caused the property to be sold. The complaint also charges that *Benjamin* left certain real estate, which is described, and that the defendant has received the rents and profits thereof since the death of said *Sarah*, and prays an account of such rents and profits, and that partition be made between the plaintiffs of the real estate; also, that the proceeds of the personal estate be distributed, &c.

Answers were filed, and replications; and exceptions were taken to several rulings of the Court on demurrers.

Trial by the Court. The Court found for the defendant, and rendered judgment, overruling a motion for a new trial.

From the view which we take of the case, it will be unnecessary to examine any other question attempted to be raised, than the one which meets us at the threshold. Is there a cause of action stated in the complaint? In other words, are the plaintiffs, according to their own showing, in any manner interested in the estate of *Benjamin Armstrong*, and are they entitled to any portion thereof?

Passing over the question whether the terms of the will give the widow anything more than a life estate in the real and personal property of *Benjamin*, we shall inquire what were her rights, upon the facts stated, under the law. Section 26 of the "act regulating descents and the apportionment of estates" (1 R. S. p. 251), provides that "If a husband or wife die, intestate, leaving no child, and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." What is the proper construction of this section? Are its provisions not to apply in any case where a will has been made by the deceased? or, was it the intention of the legislature that the estate should go as therein provided in all cases where there was no will making a different disposition of the property? We think the latter was evidently the case. Suppose a man die, leaving no child, nor father or mother, but having made a will bequeathing a small portion of his

estate to a friend, there being a large residuum undisposed of. Shall the surviving wife not take it under the provisions of the section quoted, because of the bequest? As before remarked, we think that, in such case, the surviving wife should be held entitled to the property, so far as it was not otherwise disposed of by a will. This is evidently in accordance with the spirit of the statute and the intention of the legislature, as gathered from the whole act. Take the first section: "The real and personal property of any person dying intestate, shall descend to his or her children in equal proportions," &c. But suppose the person die testate, having made a will disposing of a small part of his property to some one else, leaving a large balance undisposed of, shall not the balance descend to his children in the manner provided by this section? Again, take the eleventh section, which provides that the estate of any person dying intestate, without kindred capable of inheriting, shall escheat to the state for the benefit of common schools. But suppose a will be made in such case, disposing of a part only of the estate, where shall the remaining portion go? Will the state not be entitled to it for the support of schools, under this section, although the deceased did not literally die "intestate?" Indeed, the whole statute on the subject of descents provides only for the disposition of the estates of persons dying "intestate," and unless its provisions are followed where a will is made, so far as the property is undisposed of by the will, the portion not thus disposed of by will, can go to no heir by virtue of any statutory provision, nor can it escheat to the state, but would be liable to be seized upon by any person, who might see proper to intrude upon and occupy it. We are of opinion that the simple fact that *Benjamin Armstrong* made a will, is no reason why the provision first above quoted, should not apply in favor of his surviving widow. So far as the property was undisposed of by will, the deceased may be said to have died intestate.

Section 41 of the act may be thought to have some bearing on this question. It provides that "If lands be devised to a woman, or a pecuniary or other provision be

made for her by the will of her late husband, in lieu of her right to lands of her husband, she shall make her election whether she will take the lands so devised, or the provision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed, in addition to her right in the lands of her husband."

Dower having been abolished, and one-third of the land in fee substituted, which the widow takes as against heirs and creditors, the above section was intended merely to prevent her taking one-third thus provided for, and also a provision made in the will and intended to be in lieu thereof. She shall elect whether she will take the provision so made, or retain the right to one-third of the land of her late husband, but she shall not be entitled to both, &c. Both what? Both the provision thus made, and one-third of the land. It is clear that this section has no application to a case where a surviving wife claims the whole estate as an heir, as in the case provided by § 26, where there are no others capable of inheriting before her.

The appellants, however, rely upon § 4 of the act of 1853 (Acts of 1853, p. 56), by which § 26, above quoted, was attempted to be amended so as to provide that "if a husband or wife die intestate, leaving no child, and no father or mother, nor brothers and sisters, nor their descendants, the whole of his or her property, real or personal, shall go to the survivor."

It is claimed that this amendatory statute is constitutional and valid.

It has been so often settled by the adjudications of this Court, that an amendment of a statute or section cannot be made without setting out the amended statute or section at full length (which was not done in this case), that the question should be considered thoroughly and finally settled. *Vide Langdon* v. *Applegate,* 5 Ind. R. 327; *Kennon* v. *Shull,* 9 *id.* 154, and cases there cited.

The law gave to the surviving widow of *Benjamin Armstrong*, in the absence of children, and father and mother, his property, real and personal. The will, as set up, gave none of it to the plaintiffs, nor did it deprive the widow of any rights to which she was entitled under the law, as it bequeathed the property to no one else. The defendant, *Berreman*, was entitled to take possession of it, at least the personal property, as her administrator, and her heirs were entitled to the real estate. The plaintiffs, by their own showing, have no interest in either, and, consequently, the case was properly decided against them.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave* and *J. Witherow*, for the appellants.