, Mary J. Ragsdale et al. v. Edmund K. Parrish.

1 *Partition—Reference to Will in Answer; and to Conveyances.*—Where a paragraph of an answer in partition proceedings refers to a will as evidence of rights claimed, it is not proper to file a copy of the will with the answer, since in such case the will is not the foundation of the defense, but mere evidence. And were it otherwise, a copy filed thus would be a mere exhibit, and not a part of the paragraph itself. And the same rule applies to conveyances.

2. *Election of Widow.*—Where a will makes a substantial provision for the widow she cannot take both under the will and under the statute; but must elect between them, unless there is something in the will expressive of an intention that the provision shall be merely additional to the statutory provisions.

Filed April 22, 1881.
Appeal from Shelby Circuit Court.

Adams & Michener, for appellants, cited *Spaulding* v. *Baldwin*, 31 Ind. 378; *Montgomery* v. *Gorrell*, 51 Ind. 309; *Brown* v. *State,*

44 Ind. 222, as to filing copies with the answer; *Armstrong* v. *Berreman*, 13 Ind. 422; *Rusing* v. *Rusing*, 25 Ind. 63; *Lindsay* v. *Lindsay*, 47 Ind. 383; *Dale* v. *Bartley*, 58 Ind. 101; *McIntire* v. *Cross*, 3 Ind. 444; *Doe* v. *Lanius*, 3 Ind. 441, as to widow's claim under a will. In reply, they review a portion of appellant's citations *infra*.

Oliver J. Glessner and Emmett S. Stillwell, for appellee, cited *Cameron* v. *Warbritton*, 9 Ind. 351; *Bales* v. *Weddle*, 14 Ind. 349; *Lash* v. *Perry*, 19 Ind. 322; *Bray* v. *Hussey*, 24 Ind. 228; *Van Schwick* v. *Farrow*, 25 Ind. 310; *Clegg* v. *Patterson*, 32 Ind. 135; *Hertman* v. *Schuck*, 40 Ind. 93; *Jagers* v. *Jagers*, 49 Ind. 428; *Armstrong* v. *McLaughlin*, 49 Ind. 370, as to filing copy with pleading; Redfield on Wills, p. 433; 2 Blackf. 72; 8 Blackf. 388; 2 Ind. 449; 13 Ind. 413; 17 Ind. 68; 25 Ind. 95; 26 Ind. 511; 30 Ind. 39; 33 Ind. 96; 39 Ind. 58; 48 Ind. 300, as to construction of wills with regard to the intention of the testator; *Armstrong* v. *Berreman*, 13 Ind. 422, as to widow's election.

Opinion of the court by Mr. Chief Justice Niblack.

This was an action of partition in which Mary J. Ragsdale, Charles S. Ragsdale, Armilda J. Harrell and James H. Harrell were plaintiffs and Edmund K. Parrish was defendant.

The complaint averred that on the 1st day of November, 1864, William G. Parrish died, being, at the time, the owner of an eighty-acre tract of land in Shelby county and the east half of lot No. 10 on Hendricks street in the city of Shelbyville, in the same county, and leaving as his children by his first marriage Edmund F. Parrish, Eli K. Parrish, James F. Parrish, William W. Parrish and Armilda J. Parrish, now Armilda J. Harrell, and Narcissus Parrish, his second wife, as his widow, and Mary J. Parrish, now Mary J. Ragsdale, as his only child by his second marriage, all surviving him; that since the death of William G. Parrish, the defendant has purchased and become the owner of the interests of the said Edmund F. Parrish, Eli K. Parrish, William W. Parrish and James F. Parrish respectively in and to said real estate; that on the 13th day of January, 1877, the said Narcissus Parish died, being at the time the owner of the undivided one-third part of the real estate of which her husband died seized as above set forth, leaving the said Mary J. Ragsdale as her only child and heir at

law; that the said Mary J. Ragsdale, Armilda J. Harrell and the defendant were the owners and tenants in common of the real estate described in the complaint, that the said Mary J. Ragsdale was the owner of the undivided four-ninths thereof; that the said Armilda J. Harrell was the owner of one undivided ninth part of the same, and the defendant was the owner of the remaining undivided four-ninths of such real estate; that the said part of lot in the city of Shelbyville was not susceptible of partition without injury to it and damage to its owners.

Wherefore the plaintiffs prayed that partition might be made of the eighty-acre tract of land and that said part of lot in the city of Shelbyville might be sold and the proceeds divided between the parties according to their respective interests therein.

The defendant answered:

1. In general denial.

2. Setting up a claim to four-sixths of the lands described in the complaint.

3. Averring that the said William G. Parrish had died testate, and that the defendant, before her death, had purchased of Narcissus Parrish, the widow, the interest which she took in the eighty acre tract of land under her husband's will, whereby he, the defendant, had become the owner of five-sixths of that tract of land. Also averring facts upon which the defendant set up a claim to four-sixths of the remaining real estate.

4. Alleging that by purchasing the interests of the widow and certain heirs of William G. Parrish, the defendant had become the owner of seven-ninths of the real estate of which partition was demanded.

Demurrers were interposed and overruled to the third and fourth paragraphs of the answer.

After issue joined, the court, at the request of the plaintiffs, made a special finding of the facts, which was substantially as follows:

That, on the 17th day of October, 1864, William G. Parrish executed and published his last will, the substantive part of which was in these words:

"This is to certify that I, William G. Parrish, do will and bequeath to my wife Narcissus, the following property, to-wit

1. I want Narcissus Parrish, my wife, to have and to hold all the real estate west of the center line of the eighty acres of land as long as she remain my widow; also, to have two horses, to wit: namely, Polly and the next most suitable one for her use, and to have one set of gears and one breaking plow, one double shovel and one single shovel plow; also, one wagon and ten head of choice sheep, one breeding sow and pigs, if any, and six choice stock hogs, and two choice milk cows, and all the oats, wheat or hay that may be on hand, and one-third of the corn, and all the salt pork or bacon, and, also, all the poultry, and all the household and kitchen furniture, and, at the death or marriage of the said Narcissus Parrish, this property, with all its interest or gain over, to go to my children as I have hereunto stated. After this, I want the balance of my personal property sold, and the sum collected, with all my notes and accounts, and after paying my debts, I want the balance, with the rents of the east half of the place, put on interest for my heirs, to be delivered to them by the executor at the ages of the boys eighteen and the girls sixteen years old."

That, on the 10th day of November, 1864, the said William G. Parrish died, being the owner of the lands described in the complaint, and leaving surviving him as his children by a former marriage Edmund F. Parrish, Eli K. Parish, William W. Parrish, James F. Parrish and Armilda J. Parrish, now Armilda J. Harrell, also Narcissus Parrish, his second wife, as his widow; also Mary J. Parrish, now Mary J. Ragsdale, as his only child by his marriage with the said Narcissus.

That, on the 26th day of November, 1864, the said will of the said William G. Parrish was duly admitted to probate, and the said Narcissus by a proper instrument in writing, set out in the special finding, elected to take under said will and to accept the provisions made for her by it.

That the said Narcissus did not again intermarry with any one, but died on the 13th day of January, 1877, leaving the said Mary J. Ragsdale as her only child and heir at law, and that since the death of the said William G. Parrish, the defendant has purchased and become the owner of the interests of the said Edmund F. Parrish, Eli K. Parrish, William W. Parrish and James F. Parrish, in and to the lands particularly designated in the complaint; also

that said part of lot in the city of Shelbyville could not be divided without damage to the owners thereof.

Upon the facts thus found, the court, amongst other things, came to the following conclusions of law:

1. That the said Narcissus took only a life estate in the land devised to her by her husband, and that, by reason of her election to take under the will, she took nothing by descent in any of the other real estate of which her husband died seized.

2. That the said Mary J. Ragsdale was the owner of one undivided sixth part of the real estate in controversy.

3. That the said Armilda J. Harrell was, also, the owner of one undivided sixth part of said real estate.

4. That the defendant was the owner of the remaining four undivided sixth parts of such real estate, and that partition ought to be made of the eighty acre tract between the said Mary, the said Armilda and the defendant, according to their respective interests therein.

5. That the part of lot in the city of Shelbyville ought to be sold and the proceeds divided amongst its owners above named, in the ratio of their respective interests.

Partition of the eighty acre tract was accordingly decreed and made, and the part of lot in the city of Shelbyville was ordered to be sold so that the proceeds might be divided between the owners as above stated.

The appellants contend that the court erred in overruling their demurrer to the third paragraph of the answer because no copy of the will referred to in such paragraph was filed with it. But that objection can not be sustained. The will was not the foundation of the defense set up in that paragraph, but only evidence relied upon to sustain that defense.

The filing of a copy of the will, under such circumstances would have made it a mere exhibit in the cause, constituting no part of the paragraph itself. See *Parsons* v. *Milford*, 67 Ind. 489, and the authorities there.

The appellants also contend that the court erred in refusing to sustain their demurrer to the fourth paragraph of the answer, because copies of the conveyances relied upon by the appellee to sup-

port his claim of title set up in that paragraph were not filed with, and made a part of, the paragraph.

But for the reasons given as above the court did right in refusing to sustain the demurrer to this last named paragraph of answer. A party is not required to file with his pleadings an instrument in writing which is to be used merely as evidence at the trial, without constituting the foundation of his action or defense. The appellants still further contend that the court erred in its conclusion of law that Narcissus Parrish, the widow, took only a life estate in the real estate of which her husband died seized, for the alleged reason that his will did not purport to dispose, and did not in fact dispose of all his real estate, and that as to his real estate not disposed of by his will he must be held to have died intestate; that consequently the election of the said Narcissus to take under the will did not operate as a relinquishment of her fee simple interest in the real estate not disposed of by the will.

The case of *Armstrong* v. *Berreman*, 13 Ind. 422, is cited by the appellants as sustaining the doctrine thus contended for by them.

There were, however, some important differences between the facts in that case and in this. In that case the testator left no children and only a widow, who was entitled to take all his interest, both real and personal, not disposed of by the will, under the statute of descents, and this court held that under all the circumstances the widow took the residuary estate under the statute and not under the will.

Sections 27 and 41 of the statute of descents, vol. 1, R. S. 1876, 408, when taken together, must be construed to mean that when a substantial provision is made for the widow by the will of her late husband, she can not, in the absence of a plainly expressed intention to the contrary, take both under the will and under the statute. In such an event she has the option simply of taking under the one or the other as she may prefer.

This construction of those sections is impliedly sanctioned by the case of *Armstrong* v. *Berreman* referred to above, and has a practical application to the case in hearing.

The will before us did make a substantial provision for the widow, and apparently the principal object in its execution was to

make such a provision, having reference to the total value of the testator's estate.

There is nothing in the will expressive of the intention that this provision was to be additional to the interest to which she would have become entitled in the testator's estate under the statute.

Therefore, her election to take under the will operated as a relinquishment of all other claim to the testator's real estate.

We see no error in the conclusion of law complained of by the appellants.

The judgment is affirmed with costs.