O'Harrow *et al. v.* Whitney *et al.*

———————

O'HARROW ET AL. *v.* WHITNEY ET AL.

WILL.—*Devise During Widowhood.—Election.—Descent.*—Where a husband dies, leaving a wife and two children surviving him, having devised his land to his wife during widowhood, and she elects to accept the provi-sion made for her by will, her estate is limited in duration to the period of her widowhood; and a purchaser, through a mortgage executed by

her after a second marriage, acquires no title to any part of the land. And the fact that no disposition of the land was made after the wife ceased to be a widow, did not entitle her to any portion of it under the law, as her election to take under the will precluded any such claim.

From the Greene Circuit Court.

*J. D. Alexander* and *H. W. Letsinger*, for appellants.

*R. N. Taylor*, for appellees.

BEST, C.—The appellees brought this action against the appellants for the partition of certain real estate in Greene county, in this State, alleging in their complaint that they were the owners of the undivided one-third, and the appellants the owners of the residue of said land, which was held by them as tenants in common.

The appellants, who were minors, appeared by guardian *ad litem* and filed an answer of two paragraphs. The first was a general denial, and the second was special. They also filed a counter-claim, styled a cross complaint, in which it was in substance averred that John O'Harrow, on the 23d day of April, 1874, died testate, seized in fee simple of the land in the complaint described, leaving surviving him Margaret O'Harrow, his widow, and the appellants, his only children and heirs at law; that before his death he duly executed his will, which was thereafter duly probated in said county, a copy of which was filed, by which he devised the lands in the complaint mentioned to said Margaret O'Harrow during her widowhood; that thereafter said Margaret accepted the provision so made for her by said will, took possession of all the property belonging to said estate, and retained the same until she was thereafter married to John J. Fairchild; that, before her marriage with said Fairchild, said Margaret executed a mortgage upon the one-third of the land mentioned in the complaint to one Jaola M. Currier, who, after the marriage of said Margaret as aforesaid, obtained a judgment of foreclosure, by default, against said Margaret and her husband, caused the land to be sold upon said decree, and at such sale the ap-

pellees purchased said land, have received a sheriff's deed therefor, and by virtue thereof now claim the undivided one-third of said land; that appellants are the owners of said land, and that the claim of appellees is adverse to them, etc. Wherefore they pray that their title may be quieted.

The second paragraph of the answer alleged substantially the same facts in defence of the action.

The will is as follows:

"First. It is my will that my just debts and all charges be paid out of my estate.

"Item 2d. I give and devise all the residue of my estate to Margaret, my wife, so long as she remains my widow, and I appoint Margaret, my wife, executrix of this, my last will and testament."

A demurrer, for the want of facts, was sustained to the counter-claim, and a demurrer was also sustained to the second paragraph of the answer, to which exceptions were taken, after which partition was ordered and made in accordance with the prayer of the complaint.

On this appeal the rulings upon the demurrers present the only questions in the record.

The statute provides that, "If lands be devised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, * she shall make her election whether she will take the lands so devised, or the provision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed, in addition to her rights in the lands of her husband." 1 R. S. 1876, p. 415, section 41.

The will in this case makes a substantial provision for the widow, and as it does not plainly appear therefrom that it was the intention of the testator that she should have such provision, in addition to her right in the lands of her late husband, she was required to elect between the provision thus

O'Harrow *et al. v.* Whitney *et al.*

made for her and her right to the one-third of the land of her husband. *Young* v. *Pickens*, 49 Ind. 23; *Ragsdale* v. *Parrish*, 74 Ind. 191.

The widow having elected to accept the provision made for her by the will of her husband, her estate in such lands in point of duration was limited to the period of her widowhood by the express terms of the will. *Harmon* v. *Brown*, 58 Ind. 207; *Stilwell* v. *Knapper*, 69 Ind. 558 (35 Am. R. 240); *Tate* v. *McLain*, 74 Ind. 493.

These propositions, as we are informed, were not seriously controverted by the appellees in the trial court, but they claimed that, as no disposition was made of the estate after the expiration of said Margaret's widowhood, the testator would be regarded as having died intestate as to his estate thereafter, and, as said Margaret was entitled by descent to one-third of said land, she would take such portion by descent, notwithstanding the fact that she had accepted the provision made for her by the will of her late husband.

This proposition is clearly untenable. The fact, that she was required to and did make an election between the provision made for her by will and her right to one-third of the land, precludes her from making any such claim. An election presupposes a choice between inconsistent rights, and the selection of one is necessarily a relinquishment of any claim to the other. If it were not it would follow that there had been no election at all; but where an election between inconsistent rights has been made, as averred, the acceptance of one forever precludes the party from claiming the other. If the law had cast the entire estate upon the widow, the acceptance of a portion of it under a will would not preclude her from claiming the residue under the law, for the obvious reason that she has made no election between inconsistent rights. The acceptance, under a will, of that which belongs to a widow by the law, is no election at all; such acceptance is an idle ceremony that in no manner precludes her from claiming her rights under the law. *Waugh* v. *Riley*, 68 Ind. 482.

In this case, however, the law did not cast the entire estate upon the widow, but at most one-third, and her election to take all during widowhood, instead of one-third in fee, was an election between inconsistent rights, and necessarily amounted to a relinquishment of all claims to any portion of it under the law.    This precise question was decided adversely to the appellees in *Ragsdale* v. *Parrish*, 74 Ind. 191, and that decision is conclusive upon this question.

As the widow's right to any portion of these lands, according to the averments of these pleadings, ceased at her marriage with Fairchild, and, as the appellees claim through her, it follows that they have no title to them.  For these reasons we are of opinion that the demurrer to the second paragraph of the answer, and the demurrer to the counter-claim, were improperly overruled, and that for these errors the judgment should be reversed..

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to overrule the demurrer to the second paragraph of the answer, and the demurrer to the counter-claim, and for further proceedings, etc.