Filed Jan. 17, 1891.

---

No. 14,339.

## COLLINS *v.* COLLINS ET AL.

WILL.— *Widow.—Election.—Rights of Devisees.—Lapsed Devise.—Descents.*— A testator devised all of his real estate to his wife for life. Subject to the wife's life-estate he devised a certain portion of said real estate to his son, and the remainder to his daughter. The daughter and her only child died in the testator's lifetime, and the son soon after his father. The widow elected to take under the will.

*Held,* that the devise to the daughter lapsed, there being no residuary legatee, and as to the real estate devised to her the testator died intestate.

*Held,* also, that as to the real estate devised to the son the widow's election to take under the will divested her of her one-third interest.

*Held,* also, that the widow, because of her election, was divested of her one-third in the lands devised to the daughter, but retained a one-sixth interest therein.

From the Marion Superior Court.

*B. Harrison, W. H. H. Miller, J. B. Elam* and *J. P. Baker,* for appellant.

*R. Denny* and *J. R. McFee,* for appellees.

BERKSHIRE, C. J.—This was an action for partition of real estate, brought by the appellant against the appellees and another, who died after the action was instituted.

At special term the appellant recovered judgment as claimed in her complaint, but in general term the judgment at special term was reversed. From the judgment in general term the appellant prosecutes this appeal.

The facts involved in the record are substantially as follows:

On the 17th day of June, 1878, Isaac Collins, a citizen of Marion county, Indiana, executed his last will and testament. At that date he and the appellant were husband and wife, and the relationship continued until his death. When this will was executed the testator had two living children, namely, Ephraim Collins and Mary Sampson, the appellant being their mother. When he died the testator was seized of certain real estate in Marion county, Indiana. By his will he devised all of his real estate to the appellant during her natural life, with a limitation in case of her remarriage. Subject to the appellant's life-estate, he devised a certain portion of said real estate to his son Ephraim by description, and the remaining part to his daughter Mary by description. Mary had but one child born to her, and she and the child died in the lifetime of the testator, the child being an infant. The only heirs at law of the testator were the appellant and Ephraim, his son. Ephraim died soon after his father, intestate, leaving the appellees and one other child, an infant, who died after the institution of this suit, as already stated. The testator died on the 30th day of April, 1885. The appellant in due time accepted the provisions of the will.

There are but two questions presented for our considera-

tion: 1. Did the devise to Mary Sampson lapse? 2. If it did, is the widow's inheritance to the real estate, named in the devise, cut off because of her acceptance of the provisions of the will?

That the devise to Mary lapsed we think is clear. The case does not fall within the provisions of section 2571, R. S. 1881, and hence is not saved by that section; and at common law the legacy lapsed. *Maxwell* v. *Featherston,* 83 Ind. 339; *West* v. *West,* 89 Ind. 529.

The devise to Mary Sampson having lapsed, and there being no residuary devisee named in the will, as to the real estate devised to her, the testator died intestate. *Thomas* v. *Thomas,* 108 Ind. 576, and cases cited.

The appellant, as heir, inherited from her husband, in fee, the one-half of this real estate, and the other moiety descended to Ephraim. And but for the election of the appellant to accept the provisions made for her in the will of her husband, she would still be the unquestioned owner of the undivided one-half of said real estate.

To whatever extent, if any, the appellant became divested of her title to said real estate because of her election to take under the will, in a corresponding degree the title of the appellees, as the surviving heirs of Ephraim Collins, was thereby increased.

The rights of the parties depend upon the construction to be placed upon section 2505, R. S. 1881.

In arriving at a conclusion as to the construction to be placed upon this section of the statute, we have regarded certain provisions of the statute of descents as influential.

Under section 2483, the widow inherits one-third of the real estate of which her husband dies seized, *whether he dies testate or intestate.* Under section 2486 her inheritance is one-half *on condition that he dies intestate.* Under section 2489 three-fourths descends to her *in case of his intestacy.*

And by the provisions of section 2490 she takes the whole in case of her husband's intestacy.

Under these provisions the widow's inheritance in the real estate of which her husband dies seized in excess of the one-third given her by the provisions of the first named section, is subject to the pleasure of her husband while in life; he may, if he sees proper, devise it to some one else, and she must submit.

But the one-third goes to her absolutely, and he can only dispose of it by testament, subject to her election after his decease. *Morris* v. *Morris*, 119 Ind. 341, and cases cited. Hence it was wholly unnecessary for the Legislature to make any provision whereby the widow might elect to abide by the husband's disposition by will of his real estate in excess of the one-third given her absolutely. Upon the other hand, some such provision was demanded to make effectual a devise by the husband of the one-third.

As the mischief only applied to the one-third, the presumption must be that the remedy was limited thereto, unless the language employed in the statute requires that it shall have a broader construction.

The following is the reading of the section:

"Section 2505. If lands be devised to a woman, or a pecuniary or other provision be made for her, by the will of her late husband, in lieu of her right to lands of her husband, she shall make an election whether she will take the lands so devised or the provision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both, unless it plainly appear by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed, in addition to her right in the lands of her husband."

The language of the statute is exactly appropriate to the remedy demanded. Its very letter limits its operation to the widow's one-third interest in the real estate of which her

husband dies seized, and which he can not divest her of except as in this statute provided. The provision in the will of her husband, upon her acceptance after his death, is substituted for the widow's one-third, and extends no further; as is said in *Armstrong* v. *Berreman*, 13 Ind. 422: "She shall elect whether she will take the provision so made, or retain the right to one-third of the land of her late husband, but she shall not be entitled to both, etc. Both what? Both the provision thus made, and *one-third of the land.*"

Our conclusion, therefore, is, that as to the real estate which was devised to Ephraim the appellant's one-third interest was divested because of her election to accept the provisions of the will.

But as to the lands devised to Mary, the will being inoperative, the same was cast upon the heirs of the decedent, one-half going to the appellant as widow, and the other half to Ephraim. Section 2486, *supra*; *Thomas* v. *Thomas*, *supra*.

Her election to take under the will likewise divested her of her one-third in the lands devised to Mary, but she still retained her interest in excess of the one-third, which is one-sixth.

Any other conclusion, we think, is in the face of the statute and the evident intention of the Legislature.

Our conclusion is in harmony with the manifest intention of the testator when he executed his will. At that time the apparent interest of the appellant in his real estate was one-third, and in lieu of such apparent interest he gave her a life-estate in the whole. He evidently did not contemplate at that time that she would inherit a greater interest, and hence made no provision in lieu thereof. The conclusion to which we have arrived harmonizes with *Ragsdale* v. *Parrish*, 74 Ind. 191, and *O'Harrow* v. *Whitney*, 85 Ind. 140. In those cases the only interest which the widow held was the one-third. And we are not in conflict with *Armstrong* v. *Berreman*, *supra*, and *Waugh* v. *Riley*, 68 Ind. 482. In those

cases no pecuniary provision was made for the widow to which she was not entitled under the law.

In such case the law casts the real estate upon the widow, the husband dying without issue, and without father or mother him surviving. Section 2490, *supra*.

We are inclined to think that the later cases do not antagonize the earlier decisions, and that all of them were rightly decided.

The judgment in general term is reversed, with directions to remand the cause to special term for a new trial according to the construction placed upon said section 2505 of the statute, as announced in this opinion.

Filed Nov. 11, 1890.

## ON PETITION FOR A REHEARING.

BERKSHIRE, J.—After having carefully considered the petition for a rehearing in the foregoing cause, we have come to the conclusion that in view of the circumstances under which this case comes to this court, and the conclusion reached, the judgment as to costs ought to be modified, and now order that parties pay one-half of the costs respectively. In other respects the petition is overruled.

Filed Jan. 17, 1891.