JOHNSON ET AL. v. SNYDER ET AL.

[No. 11,778. Filed March 14, 1924. Rehearing denied June 11, 1924. Transfer denied December 4, 1924.]

1. DESCENT AND DISTRIBUTION.—*Brothers and sisters of decedent, when may inherit.*—Brothers and sisters of a decedent can inherit a decedent's property only under §§2992 and 2993 Burns 1914, which means that they can inherit only when there is no child of the decedent or a descendant of such child, no father or mother, nor surviving spouse, and if the decedent left none of such next of kin, but left a widow, under the provision of §3028 Burns 1914, she takes the entire estate, and the brothers and sisters have no interest therein. p. 216.

2. DESCENT AND DISTRIBUTION.—*Widow's election to take under the law not applicable as to property undevised.*—Where a husband by his will gave to his widow a life estate in all his land, with power to dispose of the same, either by deed or will, and she failed to exercise the power, the fee simple was undevised and she took the same as his heir, §3045 Burns 1914, requiring the widow to make her election to take under the law, if she desires to reject the testamentary provision for her, not being applicable to property of which the decedent died intestate. p. 218.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Action by Lillie I. Johnson and others against Designey A. Snyder and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Seebert & Schurtz* and *Harvey J. Curtis,* for appellants.

*Parker, Crabill, Crumpacker & May* and *Miller Guy,* for appellees.

NICHOLS, J.—Action by appellants against appellees to determine the ownership of property of which one Winfield Leroy Johnson died seized. Said deceased left no father or mother living, but left his widow, Amanda H. Johnson, and also brothers and sisters, and descendants of brothers and sisters, some of whom are appellants, and others of whom were defendants below

and appellees in this court. Item II of the will of said deceased gave his widow all his property, both real and personal, for and during her natural life, and the use thereof and the entire income therefrom as long as she lived, and provided that, at her death, from the remainder should be paid five money legacies of $1,000 each, and that the residue of the remainder should after his widow's death, be distributed as she should direct by will. Item III provided that his widow should have full power to sell or exchange any of the real estate left by him, and to convert the same into cash or securities during her natural life, and if such disposal should be made, the remainder interest should be distributed as designated in Item II.

Appellee Designey A. Snyder is the residuary legatee of the widow, Amanda H. Johnson. The complaint alleges and the demurrer admits that the widow took under the will of her said husband, qualified and acted as executrix thereof, made no attempt whatever to renounce its provisions, and failed to make any attempt to retain her rights in her husband's estate under the laws of the State of Indiana. The exact nature of the action, therefore, is to determine whether appellants, who are the brothers and sisters, or their descendants, of Winfield Leroy Johnson, shall take the remainder of his property after the life estate to the widow and the specific bequests, or appellee Designey A. Snyder, who is the residuary legatee of Amanda H. Johnson, the widow, shall take the same. This question is presented in this court by error assigned on the court's action in sustaining the demurrer of appellee Snyder to the complaint.

Section 15 of the laws of descent, in force since May 6, 1853, being §3012 Burns 1914, provides that,

1. "Every rule of descent or distribution prescribed by this act shall be subject to the provisions made

in behalf of the surviving husband or wife of the decedent." Section 26 of the same act, still in force, being §3028 Burns 1914, provides that, "If a husband or wife dies intestate leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." Section 4 of said act, being §2993 Burns 1914, provides that, "If there be neither father nor mother, the brothers and sisters of the intestate living, and the descendants of such as are dead, shall take the inheritance as tenants in common." It is apparent from the last two sections quoted above, read together, as they must be, on the question under consideration, and only under which and §2992 Burns 1914, which has no application here, can the brothers and sisters of a decedent or their descendants, inherit, there must be no widow, no child nor descendants of any child, no father, and no mother, in order that appellants may recover. Conceding, then, that Winfield Leroy Johnson died intestate as to the property here involved, and this is appellants' contention, we do not see how appellants can recover, for they are not within the provisions of the only sections of the statute of descent that will give them a right of action. If there was a widow, and there was, appellants cannot recover, regardless of the question as to who would inherit the real estate involved. But as we view this case, we are not in doubt as to who inherited the estate in controversy. The widow having failed to exercise the power given her to dispose of the remainder of the estate after her life estate, either by deed or by will, the same was wholly undisposed of,—it was an intestate estate. There being no child and no father or mother surviving, the widow took the whole of the property of which her husband died intestate as his heir. This has been the law since the decision of the Supreme Court in *Armstrong* v. *Berreman* (1859), 13 Ind. 422.

Appellants rely upon §3045 Burns 1914, which is as follows: "That whenever any personal or real property be bequeathed to any wife, or a pecuniary 2. or other provision be made for her, in the will of her late husband, such wife shall take under such will of her late husband, and she shall receive nothing from her husband's estate by reason of any law of descent of the State of Indiana, unless otherwise expressly provided for in said will, unless she shall make her election to retain the rights in her husband's estate given to her under the laws of the State of Indiana. * * *" But this section is similar in its principle controlling here to §41 of the Act of 1853, being §3043 Burns 1914, in force at the time of the decision in the Armstrong case, which, so far as here involved, is as follows: "If lands be devised to a woman, or pecuniary or other provision be made for her by the will of her late husband, in lieu of her right to lands of her husband, she shall take under the will of her late husband, unless she shall make her election whether she will take the lands so devised, or the provision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both unless it plainly appear by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed in addition to her rights in the lands of her husband." It was held in the Armstrong case that: "It is clear that this section has no application to a case where a surviving wife claims the whole estate as an heir, as in case provided by §26, where there are no others capable of inheriting before her." In harmony with this holding, we hold that §3045, supra, has no application to property wholly undevised or bequeathed, but only to other property of the decedent devised or bequeathed. The Armstrong case is fol-

lowed in *Lindsay* v. *Lindsay* (1874), 47 Ind. 283, where the court says: "We are entirely satisfied with *Armstrong* v. *Berreman, supra,* and adhere to it. We think that sec. 26, *supra,* should be construed as if it provided that if a husband or wife die, leaving any estate undevised, and leaving no child, and no father or mother, the whole of such estate shall descend to the survivor; the word 'intestate' refers to property, and not to the decedent." In *Waugh* v. *Riley* (1879), 68 Ind. 482, the facts were substantially the same as in this case, and it was there held that the fee simple of all of the decedent's undevised real estate, and the absolute ownership of his personal property went to his surviving wife. See, also, *O'Harrow* v. *Whitney* (1882), 85 Ind. 140; *Moore, Exr.,* v. *Baker* (1892), 4 Ind. App. 115. We hold that §3045, *supra,* has no application to property of which the decedent died intestate, that such property went to the widow, Amanda H. Johnson, upon the death of her husband, and, by the residuary clause of her will, to appellee, Designey A. Snyder.

Judgment affirmed.

McMahan, J., not participating.