THE G. W. CONWELL BANK *v.* KESSLER ET AL.

[No. 14,210.   Filed April 6, 1932.]

*Frank R. Morrison* and *Hillis & Hillis*, for appellant.
*O. F. Rhodes* and *K. H. Calloway,* for appellees.

KIME, J.—On May 10, 1926, the Connecticut Mutual Life Insurance Company filed a complaint to foreclose

a mortgage, naming as sole defendants Phillip Kessler and Ira Kessler. Ira Kessler was a son of Phillip. Phillip Kessler had been the sole owner of 47.59 acres of land. On October 2, 1920, the Kesslers had executed a note for $2,000, bearing interest at six and one-half per cent, and five per cent attorney's fees, payable in five years to the Connecticut Mutual Life Insurance Company. A mortgage on the 47.59 acres was given to secure this note, which mortgage was recorded October 4, 1920. Service was had on one of the defendants "by reading to and within the hearing of defendant" and upon the other by "leaving a true copy at the last and usual place of residence of defendants." It appears that Phillip Kessler had died November 26, 1920, and his will was admitted to probate November 29, 1920. This will disposed of the 47.59 acres by giving it to three children upon the performance of certain conditions. These conditions were performed, and title went to Ira, William and Anna, brothers and sister. There was no answer filed to this complaint; the "defendants" were defaulted and the court, after hearing evidence, rendered a judgment in favor of the insurance company in the amount of $3,204.14, on April 29, 1927. On June 18, 1927, the sheriff sold and the insurance company bid in the property for $2,520, and paid therefor by receipting the judgment and paying the costs thereon, following which a certificate was issued to them. July 1, 1928, a sheriff's deed was given for this same property and the deed was recorded July 31, 1928.

On December 31, 1925, Ira Kessler, William Kessler and Anna B. (Weaver) Helderle, nee Kessler, executed a note to the appellant for $500, and, on January 15, 1926, a mortgage was executed on this same 47.59 acres to secure such note. This mortgage was recorded January 16, 1926.

On November 21, 1928, a complaint in one paragraph

was filed to foreclose this mortgage, naming as parties defendant all of the Kesslers (their husbands and wives), the Connecticut Mutual Life Insurance Company, and Citizens National Bank of Peru, asking judgment against the three principal defendants and that the others answer as to the interests claimed by them.

Appellee Connecticut Mutual Life Insurance Company filed a cross-complaint, which was later amended, setting up the facts as detailed heretofore and alleging that it did not "have knowledge or information of the existence of any mortgage" held by appellant and that it did not "know of the death of Phillip Kessler" and that, by inadvertence, "they were not named parties." It asked that the equity of redemption of any defendants be foreclosed as to the one-third interest of Ira Kessler; that the interest of appellant be foreclosed and a time fixed for redemption upon the payment of $3,832.94, and that the interest of the successors in title to Phillip Kessler be foreclosed and offered for sale.

To this cross-complaint, the appellant filed an answer in general denial and one of payment. Upon application by both parties, special findings of fact were found and conclusions of law rendered thereon. Judgment was rendered which decreed a sale of the entire tract, including the one-third undivided interest previously owned by Ira Kessler.

As to this one-third undivided interest, the title was absolute in the Connecticut Mutual Life Insurance Company, subject only to a right to redeem by the G. W. Conwell Bank (or any other junior lienholder) upon an application for the enforcement of that right. *Hervey* v. *Krost* (1888), 116 Ind. 268 at p. 276, 19 N. E. 125. Of course, if the bank or any one entitled should redeem, this would vacate the sale and the lien would be restored as to the entire tract. *Hervey* v. *Krost, supra.*

However the appellant here, nor any other junior lienholders, have asked to be allowed to redeem.

The Connecticut Mutual Life Insurance Company had two remedies, and because they exercise one does not mean that they lose the other. *Stevens* v. *Dufour* (1825), 1 Blackf. (Ind.) 387. The mortgage was a pledge that the note would be paid. When the pledge was sold (by foreclosing) and it failed to pay the debt in full, the balance may be pursued otherwise.

As to Ira, the insurance company could have access to any other property of his for the difference in the amount of the debt and the amount realized at the sheriff's sale. *Stevens* v. *Dufour, supra;* Jones, Mortgages, §1584, and cases there cited. Or they could proceed against the undivided two-thirds owned by Anna and William under the theory that the mortgage lien is extinguished only to the extent of the payment or release. Here it was released of record to the extent of $2,442.31. For the balance, the mortgage lien as to the undivided two-thirds was still good. *Evansville Gas-Light Co.* v. *State, ex rel.* (1881), 73 Ind. 219, at p. 224, 38 Am. Rep. 129.

The appellee insurance company's cross-complaint does not ask that its original judgment be set aside because of mistake, neglect, surprise or inadvertence. It only attempts to excuse its negligence by the allegations quoted. Since justice can be granted all parties without so doing, equity will not make a useless decree.

The law is well settled that the rule of *caveat emptor* applies to sheriff's sales, hence the appellee insurance company cannot plead ignorance of the exact status of the title.

All the evidence in this cause consists of an agreed statement of facts or is documentary and, therefore, uncontroverted. Under such circumstances, this court can determine the ultimate facts proved as well as the

court below, and has the power and authority to direct the judgment to be entered without remanding the cause for a new trial. *Nichols* v. *Glover* (1872), 41 Ind. 24.

On the facts as sustained by the evidence, we conclude that the appellant has a right, as junior mortgagee, to redeem the one-third intrest of Ira Kessler in the land in question from the foreclosure sale to the Connecticut Mutual Life Insurance Company, and that the court should fix a period of time within which said right of redemption is to be exercised, that the appellant is entitled to have its mortgage foreclosed as against all parties defendant in its complaint except the Connecticut Mutual Life Insurance Company for the amount due and unpaid upon the note secured by said mortgage, upon the undivided two-thirds interest of William Kessler and Anna Helderle in said real estate. That, except as to said insurance company, the mortgage of appellant is prior and paramount to the interest or claim of any of the other appellees in and to said real estate.

That the appellee Connecticut Mutual Life Insurance Company is entitled to have the time fixed in which the appellant can redeem the one-third interest of Ira Kessler in said real estate from the foreclosure sale of said appellee, that it is also entitled to have its mortgage foreclosed against the undivided two-thirds interests of William Kessler and Anna Helderle in and to said real estate as a lien prior and paramount to that of appellant and its co-appellees for the sum of $777.13, with interest thereon at the rate provided for in the judgment of foreclosure from June 18, 1927, and for any taxes paid upon said undivided two-thirds of said real estate with interest thereon from date of payment.

That the judgments of the appellee Citizens National

Bank of Peru are of equal priority as between themselves, but that they are inferior to the mortgage liens of both the appellee Connecticut Mutual Life Insurance Company and the appellant.

That the undivided two-thirds of said real estate should be ordered sold and the proceeds derived therefrom distributed as follows: (1) To the payment of costs and accruing costs; (2) to the payment of the claim of the appellee (cross-complainant) Connecticut Mutual Life Insurance Company as above set out; (3) to the payment of the claim of the appellant (plaintiff); (4) the balance to be paid into court for the use and benefit of any person lawfully entitled thereto.

The judgment of the trial court is, therefore, reversed, with instructions to restate its conclusions of law and render judgment in accordance herewith.