OGLE *v.* BARKER ET AL.

[No. 17,407. Filed November 9, 1945.]

*Clyde A. Retherford,* of Muncie, and *Harker & Irwin,* of Frankfort, for appellant.

*Gruber & Morrison,* of Frankfort, for appellees.

DRAPER, J.—William H. Scott died testate on December 25, 1943, leaving surviving him his widow, Sarah J. Scott, and his grandson, the appellant. By the terms of his will he bequeathed all his personal property to one Paul Barker, a nephew, subject to a life estate

therein to his widow, and subject to a gift of furniture of the value of $25 to be taken by appellant at the death of the widow. The will named no residuary legatee. He had no devisable real estate. Paul Barker died in 1941, so that William H. Scott died intestate as to all his personal property except the life interest therein of his widow and the small gift to appellant. The widow died January 12, 1944, without having elected to take under the law instead of under the will.

The appellant contends that under these circumstances the widow was entitled to no part of the personal property other than her life estate therein. The appellees contend she was entitled to one-half of the property. The court found that she was entitled to one-sixth.

The involved statute, being § 6-2332, Burns' 1933, was passed in 1907, and reads as follows:

"Whenever any personal or real property be bequeathed to any wife, or a pecuniary or other provision be made for her in the will of her late husband, such wife shall take under such will of her late husband, and *she shall receive nothing from her husband's estate by reason of any law of descent of the state of Indiana,* unless otherwise expressly provided in said will, unless she shall make her election to retain the rights in her husband's estate given to her under the laws of the state of Indiana, which election shall be made in the manner hereinafter provided." (Our emphasis.)

Under § 6-2320, Burns' 1933, if a man dies *intestate,* leaving a widow and one child, each take an equal share of the personal property. Under § 6-2302, Burns' 1933, the grandson takes the share of his deceased father or mother. Therefore, had Mr. Scott died intestate, or had the widow elected to take under the law, she would have taken an equal

share with the grandson. She did not so elect, and not having done so, she is conclusively presumed to have accepted the provisions made for her in the will. *Easterday* v. *Easterday* (1938), 105 Ind. App. 80, 10 N. E. (2d) 764.

The language of § 6-2332, *supra*, seems to be plain and unambiguous, but the appellees, insisting that the statute applies only to property devised or bequeathed, and not to property as to which the testator dies intestate, rely upon the case of *Johnson* v. *Snyder* (1924), 82 Ind. App. 215, 142 N. E. 877, to sustain them in that contention. In that case the testator left a widow and collateral heirs, and died intestate as to certain property. He left no child nor any descendant of a child, as here, nor any father or mother. Applying the appropriate statutes, and recognizing several previous opinions of the Supreme Court, it was held, and we think correctly, that in that situation only the widow could take under the laws of descent, and that the statute requiring election had no application to a case where a surviving wife is entitled under the law to the whole estate. The court says: "We hold that section 3045, *supra* (the present § 6-2332, Burns' 1933), has no application to property of which the decedent (in that case) died intestate, that such property went to the widow . . . " That was true in that case because the statute requiring election could have no application to property of which the decedent died intestate, when he died leaving a widow who under the law took all. As pointed out in *O'Harrow et al.* v. *Whitney et al.* (1882), 85 Ind. 140, a case cited in the Johnson case, "An election presupposes a choice between inconsistent rights. . . . If the law casts the entire estate upon the widow, the acceptance of a portion of it under a will would not preclude her from claiming the residue under the law,

for the obvious reason that she has made no election between inconsistent rights. The acceptance, under a will, of that which belongs to a widow by the law, is no election at all; such acceptance is an idle ceremony that in no manner precludes her from claiming her rights under the law."

In the case at bar the widow was not entitled under the law to the whole estate, because the grandson was capable of inheriting along with her. The will not expressly providing otherwise, she was entitled to take the substantial provision made for her in the will, or to take under the law an equal share with the grandson. She could not take both. She had a choice of inconsistent rights. Having elected, by force of the statute, to take under the will, by the plain language of § 6-2332, *supra*, she "shall receive nothing from her husband's estate by reason of any law of descent of the state of Indiana."

But the appellees insist that the failure of the widow to take under the law cannot increase the amount which the grandson would be entitled to, for he could not take more than half, as provided by § 6-2320, *supra;* that no other could take, since the widow was living, and if she cannot take, no one capable of taking remains, and the half which she would otherwise receive must therefore escheat under § 6-2349, Burns' 1933, to the state of Indiana.

That contention was disposed of in the case of *Collins* v. *Collins* (1891), 126 Ind. 559, 25 N. E. 704, 28 N. E. 190. In that case the testator died intestate as to certain property, leaving surviving him his widow and the descendants of one child. The widow elected to take under the will, and the court was called upon to determine what interest, if any, she took in the prop-

erty as to which the testator died intestate. The election statute then in effect read as follows:

"If lands be devised to a woman, or a pecuniary or other provision be made for her, by the will of her late husband, in lieu of her right to lands of her husband, *she shall make an election whether she will take the lands so devised or the provision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both,* unless it plainly appear by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed, in addition to her right in the lands of her husband." (Our emphasis.)

The court in that case applied the plain language of that statute, and held that by taking under the will, the widow forfeited her right to the one-third but that she still retained her interest under the law in excess of one-third, since under the statute she was forbidden only to take both the one-third and the provision made for her by the will. In this case the statute provides if she takes under the will, she shall take *nothing* from her husband's estate by reason of any law of descent, and applying the rule of the Collins case we hold that she takes nothing. In the course of its opinion in that case the court says:

"To whatever extent, if any, the appellant became divested of her title to said real estate because of her election to take under the will, in a corresponding degree the title of the appellees, as the surviving heirs of Ephraim Collins, was thereby increased."

The appellees next contend that since the widow did not elect to take under the will, she automatically took under the law. They base this contention on their assertion that § 6-2319, Burns' 1933, is still effective because §§ 6-2332 and 6-2334 are not

effective. The latter are not effective, they say, because the Acts of 1907, ch. 48, p. 73, in which those sections are contained, seeks to amend the Act of 1891, ch. 185, p. 404, which contains § 6-2319, *supra*, without complying with Art. 4, § 21 of the Constitution of Indiana, which provides:

> "No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended, shall be set forth and published at full length."

The Act of 1907 is not an amending act and did not seek to amend the Act of 1891. It is a general law covering the subject of a widow's election. Its title is full and complete and discloses that it covers the subject matter of the existing law, and it repeals all laws or parts of laws in conflict. It therefore repealed the second proviso of § 6-2319. We find nothing in *Draper* v. *Zebec* (1942), 219 Ind. 362, 37 N. E. (2d) 952, 38 N. E. (2d) 995, relied upon by appellees, to the contrary.

All of the evidence in this case is by stipulation and this court can therefore determine the ultimate facts as well as could the court below, and can direct a proper judgment to be entered without remanding the cause for a new trial. *G. W. Conwell Bank* v. *Kessler* (1932), 94 Ind. App. 256, 180 N. E. 625. In truth the ultimate facts are not disputed.

Judgment reversed and cause remanded with instructions to enter a judgment consistent with the views herein expressed.

Royse, C. J., dissents with opinion.

NOTE.—Reported in 63 N. E. (2d) 426.

## Dissenting Opinion

ROYSE, C. J.—I cannot agree with the construction placed on § 6-2332, Burns' 1933 by the majority opinion in this case. I believe the opinion of this court in the case of *Johnson et al.* v. *Snyder et al.* (1924), 82 Ind. App. 215, 142 N. E. 877, where a transfer was denied by the Supreme Court, has established a rule of property which is controlling in the case before us. There this court squarely held this provision of the statute did not apply to intestate property. I feel the majority opinion has unjustifiably narrowed the import of our decision in that case. The majority opinion, in referring to this decision, says the holding that § 6-2332, *supra*, has no application to property of which the decedent died intestate is correct "because the statute requiring election could have no application to property of which the decedent died intestate, when he died leaving a widow who under the law took all." On principle it seems immaterial whether all of the property of which a decedent dies intestate or only a part of such property goes to a surviving widow under the law.

In support of their position the majority quote as follows from the case of *O'Harrow et al.* v. *Whitney et al.* (1882), 85 Ind. 140:

> " 'An election presupposes a choice between inconsistent rights . . . If the law had cast the entire estate upon the widow, the acceptance of a portion of it under a will would not preclude her from claiming the residue under the law, for the obvious reason that she has made no election between inconsistent rights. The acceptance, under a will, of that which belongs to a widow by the law, is no election at all; such acceptance is an idle ceremony that in no manner precludes her from claiming her rights under the law.' "

It is equally apparent to me that where the law casts a portion of an estate upon the widow, the acceptance of a portion of said property under the will would likewise not conclude her from claiming the residue of such portion under the law if the husband died intestate as to such property.

I believe the decision in the case of *Johnson et al.* v. *Snyder et al. supra,* meant just what it said, that the election statute here considered has no application to intestate property. I recognize the decision in that case was not in harmony with the decision of the Supreme Court in the case of *Collins* v. *Collins et al.* (1890), 126 Ind. 559, 25 N. E. 704, 28 N. E. 190, relied on in the majority opinion. While the Collins case, *supra,* was not referred to in *Johnson et al.* v. *Snyder et al., supra,* inasmuch as the Supreme Court denied transfer, I regard that case as having, in effect, overruled the Collins case. *Smith* v. *State, ex rel.* (1907), 169 Ind. 260, 82 N. E. 450; *First Nat. Bank of Goodland* v. *Pothuisje* (1940), 217 Ind. 1, 5, 25 N. E. (2d) 436.

Section 6-2312, Burns' 1933, provides as follows:

> "Every rule of descent or distribution prescribed by this act shall be subject to the provisions made in behalf of the surviving husband or wife of the decedent."

I believe the construction I have placed on the case of *Johnson et al.* v. *Snyder et al. supra,* is in accord with the legislative intent as expressed in the foregoing provision of the statute.

I believe the judgment of the Clinton Circuit Court should be affirmed. If the appellees had assigned cross-errors I would feel the trial court's judgment should be modified to give the widow's estate one-half of the intestate property.

NOTE.—Reported in 63 N. E. (2d) 426.