GOLDBERG D/B/A GOSPORT MFG. CO. *v.* BRITTON ET AL.

[No. 17,798.  Filed February 28, 1949.]

*Hickam & Hickam,* of Spencer, for appellant.

*William T. O'Neal* and *Kenneth R. Harrer,* both of Spencer, for appellees.

WILTROUT, J.—Appellant is engaged in the wholesale business. The appellee Ernest O. Britton operated a general store for the retail sale of merchandise.

Appellant filed his complaint to recover on a merchandise account in the sum of $352.74 from Ernest O. Britton; to set aside a chattel mortgage executed

by Ernest O. Britton to Troy Britton covering the stock of merchandise in the store, as fraudulent and void as against creditors; and to appoint a receiver.

Ernest O. Britton defaulted. Appellee Troy Britton by his answer sought to foreclose the mortgage in question. A receiver was appointed for appellee Ernest O. Britton, following which appellant filed his verified petition to recover articles of merchandise which he claimed to have been placed in the store on consignment, the articles so sought to be recovered being part of those for which he sought a money judgment by his complaint.

Trial by the court resulted in a finding that the chattel mortgage was a valid and subsisting first lien on all merchandise in the store on November 22, 1947. The petition of appellant to have the merchandise described in his petition as having been sold on consignment was overruled, the court finding that such merchandise was sold on open account and that appellant is a general creditor in the sum of $352.74. Judgment was rendered against appellant that he take nothing by his complaint, and that he take nothing by his petition.

Error assigned on appeal is that the court erred in overruling appellant's motion for a new trial.

It is stipulated that Ernest O. Britton is indebted to appellant on account in the sum of $352.74 for goods and merchandise furnished and delivered. Appellant contends that the uncontradicted evidence is to the effect that some of the articles delivered to Ernest O. Britton were furnished on consignment for resale, appellant reserving title until paid his wholesale price, and that therefore the finding of the court that the merchandise was sold on open account was contrary to law. The only evidence concerning this transaction,

aside from the stipulation, was the testimony of appellant's general manager. He testified that the oral understanding with Ernest O. Britton was that these articles were to remain the property of appellant until paid for; that this was not the usual arrangement made with other people.

The credibility of witnesses and the weight to be given oral testimony is ordinarily to be determined by the trier of the facts. Of course, the trier of facts cannot arbitrarily reject items of oral evidence, but even though a particular item of evidence is not expressly or directly contradicted, this does not prevent consideration of the other evidence, including circumstances and surroundings that might in any way affect the weight or credibility of such evidence. Among the factors that may be considered in determining the credit to be given to the testimony of a witness are: The interest of the witness, if any, in the outcome of the trial; his bias and prejudice, if any is shown; his opportunity for knowing and recollecting the facts about which he testified; the probability or improbability of his testimony; and his demeanor while on the witness stand. For us to say that there was no conflict in the evidence, or that it was such as to require a recovery by appellant, would invade the province of the trial judge, who concluded otherwise. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116; *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. 2d 172; *Talge Mahogany Co.* v. *Burrows* (1921), 191 Ind. 167, 130 N. E. 865; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. 2d 728.

There was no error in the finding of the court that appellant was a general creditor.

The chattel mortgage was executed by Ernest O. Britton to Troy Britton on May 20, 1947, to secure the payment of $2500 and was recorded on the same day. It covered the stock of merchandise in the store, and provided that the mortgagor "will maintain a stock of merchandise at all times equal in value to the present stock of merchandise. And should he not, it is further agreed between the two above named that Ernest O. Britton will pay to Troy Britton in cash enough to be equal to the depreciation in value of the above stock of merchandise." The mortgage further provided that the mortgagor should retain possession of the property, but was not to sell the same without the consent of the mortgagee. In case of default, the mortgagee was given the right to take possession and sell the property.

It was stipulated that Ernest O. Britton thereafter remained in possession of the store, and with the knowledge and consent of Troy Britton made retail sales therefrom; that he was not required by Troy Britton to make periodic accountings or to apply on the mortgage any profits derived from the operation of the store, but was permitted to and did keep and retain certain of the profits without paying the same on the indebtedness secured by the mortgage.

On November 22, 1947, Troy Britton, claiming a first lien on the stock of merchandise in the store under the mortgage, took possession of the store and locked the same and no sales were thereafter made. He also posted notice to sell the stock of merchandise.

Thereafter appellant filed his complaint and a receiver was appointed. The merchandise in the store at the time of filing complaint included numerous

articles furnished and delivered after the execution of the mortgage, the exact quantity and identity of which is unknown to the parties.

The question is presented as to whether this mortgage constituted a secret trust, thereby being void as against creditors and, if so, whether it was rendered effective by the mortgagee's taking possession.

It has been consistently held in this state that a mortgage of chattels which permits the mortgagor to remain in possession and sell the chattels in the course of business, the net proceeds to be applied to the mortgage debt, is not for that reason vitiated, and does not create a trust in the mortgagor's favor. In such case, if the mortgagor fails to so apply the proceeds, the law will make the application to protect other creditors. If an agreement exists, however, by which the mortgagor can sell the goods and divert the proceeds from the business, or that the mortgagor did so with the knowledge and consent of the mortgagee, as in this case, then no valid lien attaches to the property. A presumption of fraud arises by operation of law, which renders the mortgage void as to creditors for the reason that such an arrangement or understanding is, in effect, a secret trust for the benefit of the mortgagor and is violative of § 33-409, Burns' 1933, which provides that conveyances, transfers, or assignments of goods, made in trust for the use of the person making the same, shall be void as against creditors, existing or subsequent. *General Highways System* v. *Thompson* (1928), 88 Ind. App. 179, 186, 155 N. E. 262, 156 N. E. 407; *In re Turley* (1937), 92 F. 2d 944; *Luckett* v. *Turley, Id.; Vermillion* v. *First National Bank* (1914), 59 Ind. App. 35, 105 N. E. 530, 108 N. E. 370; *Stout* v. *Price* (1900), 24 Ind. App. 360, 55 N. E. 964, 56 N. E. 857; *New* v. *Sailors* (1888),

114 Ind. 407, 16 N. E. 609, 5 Am. St. Rep. 632. The provisions of the mortgage in this case clearly indicate that it was not executed under and pursuant to the chattel mortgage act of 1935. Acts of 1935, ch. 147, p. 498; § 51-501 et seq., Burns' 1933 (1947 Supp.).

It has often been held that where a mortgage is valid as between the parties, it will be good as against third parties, notwithstanding minor defects or informalities attending it, where the mortgagee has taken possession before their rights have accrued. But a mortgage which is intrinsically void as a fraud on creditors cannot be cured by taking possession. 14 C. J. S., Chattel Mortgages, § 212; 10 Am. Jur., Chattel Mortgages, § 170; *Blakeslee* v. *Rossman* (1877), 43 Wis. 116; *Warner* v. *Hilber* (1928), 146 Wash. 651, 264 Pac. 423; *First Nat. Bank of Ft. Collins* v. *Shafer* (1918), 64 Colo. 388, 172 Pac. 1, L. R. A. 1918 E 636; *Sidener, Sheriff* v. *Bible* (1873), 43 Ind. 230. In this case the taking of possession by the mortgagee did not purge it of the fraud so as to validate the mortgage.

It thus appears from the authorities, as an established principle of law, that the mortgage involved here was void as to general creditors, for permitting the mortgagor to remain in possession of the stock of merchandise and to make sales therefrom without requiring any profits from the operation of the store to be applied on the mortgage and in that the mortgagor was permitted to keep and retain certain of the profits without paying the same on the indebtedness secured by the mortgage.

All the evidence in the case with reference to the chattel mortgage is either by stipulation or by admis-

97

sions in pleadings. This court can therefore determine the ultimate facts as well as the court below, and can direct a proper judgment to be entered without remanding the cause for a new trial. The ultimate facts are not disputed. *Ogle* v. *Barker* (1945), 116 Ind. App. 250, 63 N. E. 2d 426.

Judgment reversed, and cause remanded with directions to the trial court to restate its findings and judgment in accordance with the views expressed in this opinion.

NOTE.—Reported in 84 N. E. 2d 201.